[Civ. No. 1517.    Third Appellate District.—July 31, 1916.]

## THOMAS THOMSEN, Respondent, v. IDA AMELIA THOMSEN, Appellant.

DIVORCE—ASSIGNMENT OF COMMUNITY PROPERTY—DISCRETION.—In actions for divorce on the ground of adultery or extreme cruelty, subdivision 1 of section 146 of the Civil Code confers upon the trial court a wide latitude for the exercise of its judgment and discretion in assigning the community property to the respective parties, and in every case it will be presumed that such discretion has been wisely and properly exercised.

ID.—CRUELTY OF WIFE—AWARD OF MORE THAN ONE-HALF OF COMMUNITY PROPERTY TO HUSBAND—DISCRETION NOT ABUSED.—In an action for divorce wherein the decree is granted to the husband on the ground of extreme cruelty, there is no abuse of discretion in awarding to the husband more than one-half of the community property, notwithstanding the wife has been a hard-working woman and by her efforts has assisted in accumulating the property, as her cruelty must be taken into consideration in making the award.

ID.—ANTENUPTIAL HOLDINGS OF HUSBAND—CONSIDERATION IN AWARDING COMMUNITY PROPERTY.—Where a divorce is granted to the husband

on the ground of the wife's cruelty, it is proper to take into consideration, in awarding the community property, the antenuptial holdings of the husband used by him after marriage and intermingled with the common holdings, notwithstanding such separate holdings cannot be traced into any specific piece of property.

ID.—AWARD OF PROPERTY IN SEVERALTY TO ONE SPOUSE.—In awarding the community property, the court may consider all of the property as one asset or fund, composed of separate units, and award all of designated and described pieces of property to one party, instead of an undivided interest in all.

APPEAL from a judgment of the Superior Court of San Joaquin County. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Light & Crane, and Gordon A. Stewart, for Appellant.

Arthur L. Levinsky, for Respondent.

ELLISON, J., *pro tem.*—In this action the trial court granted an interlocutory decree of divorce to the plaintiff on the ground of defendant's cruelty and made a decree adjusting the property rights of the parties. Upon this appeal the defendant claims that in the decree too much of the property was awarded to the plaintiff.

A brief narrative of some facts disclosed by the record will be sufficient to present the point raised. The plaintiff and defendant intermarried in 1876. At the time of this marriage the plaintiff was possessed of some property. By hard work, economy, and thrift their worldly possessions have increased until at the time of the trial they owned real and personal property as follows:

| | |
|---|---|
| A tract of land containing about 60 acres, valued at | $ 5,100 |
| Another of about 60 acres valued at | 3,780 |
| Another of about 40 acres valued at | 3,400 |
| And other tracts aggregating 408 acres, valued at | 34,680 |
| | $48,960 |
| Stock, crops, and farming implements | 10,000 |
| Total | $58,960 |
| And their indebtedness amounted to about | $2,500 |

By its decree the court awarded to the plaintiff 107 acres of the land, and the balance of the real estate was ordered divided equally between the parties, and also the growing crops and all personal property and money. It was also decreed that all indebtedness should be paid equally by them.

Counsel for appellant seems to be satisfied with this division of the property with the exception that he claims that his client should have been awarded one-half of the 107 acres of land, and that all of it should not have been awarded to the plaintiff.

Subdivision 1 of section 146 of the Civil Code provides: ''If the decree be rendered on the ground of adultery, or extreme cruelty, the community property shall be assigned to the respective parties in such proportions as the court, from all the facts of the case, and the condition of the parties, may deem just.'' This code section confers upon the trial court a wide latitude for the exercise of its judgment and discretion, and in every case it will be presumed that such discretion has been wisely and properly exercised. It has been said that it is the duty of the court to award to the innocent party more than one-half of the community property when the divorce is granted for cruelty. Thus, in *Eslinger* v. *Eslinger,* 47 Cal. 62, 64, it is said: ''Section 146 of the Civil Code required that the community property shall be equally divided between the parties; but the next section makes an exception to the general rule by providing that if the divorce be granted on the ground of adultery or extreme cruelty, the guilty party shall receive only such portion as the court shall deem just under the facts of the case. The inference is that in the excepted cases the injured party is to receive, as a general rule, more than one-half of the property, and as much more as the court shall deem just. Under the circumstances of this case, we think the court ought to have awarded to the wife three-fourths of the community property.''

1. Counsel states that, as the evidence shows the defendant has been a hard-working woman and by her efforts assisted in accumulating the property, she should have been awarded at least one-half of all of it. But this feature of the case is not controlling. Many cases arise wherein all the property has been accumulated entirely by the efforts of the husband, unaided by the wife's labor, and wherein, upon a divorce being granted to the wife upon the ground of the husband's

cruelty, she has been awarded much more than one-half of the common property. In such cases, one of the circumstances the court must take into consideration and give due weight to is the important fact that one spouse has been cruel to the other, which cruelty has resulted in disrupting the home and marriage ties.

2. In finding No. XIV the court finds that at the time of the plaintiff's marriage to the defendant he had five hundred dollars on deposit in bank; that there was due to him from one Hansen one thousand two hundred dollars, which was afterward collected; that he owned 175 stands of bees, some of which he sold for $250; two wagons and horse, worth two hundred dollars; 65 acres of land, which he subsequently sold for one thousand dollars. (While the findings do not total these figures, it is proper to state that they aggregate $3,150.) The court finds that all of said sums of money and property were used by the plaintiff after the marriage in the purchase of real estate and farming implements, and that by reason of the use of said money and property and by reason of work and labor done and performed by both spouses, all the lands described in the findings were bought.''

It is apparent from the record that the court felt that it could not trace with sufficient accuracy any of the plaintiff's antenuptial holdings into any specific piece of property now owned by the plaintiff so as to declare it to be his separate property; yet it did consider the fact that plaintiff had this property at the time of his marriage and that it and its increase were intermingled in the common holdings, a circumstance to be considered by it in making a fair and equitable division of the property. With this in mind, and without deciding that any specific piece of land was separate property, the court awarded to the plaintiff the 107 acres of land in severalty. We discover no error or abuse of discretion in so holding and acting. Nor was the amount thus awarded to plaintiff in severalty large in comparison with the total value of the estate. In appellant's brief it is stated that the entire property of the parties had a value of about $58,156, and that the 107 acres awarded to the plaintiff were worth $9,560. It thus appears that, by the decree, the plaintiff was awarded $33,858 and the defendant $24,298; or, reduced to a percentage basis, the plaintiff was awarded about fifty-eight per cent and the defendant forty-two per cent of the entire holdings.

The court has found that the antenuptial holdings of plaintiff were used in acquiring this property and were of the value of $3,150. Allowing interest on this fund for forty years at four per cent, compounded annually (which is certainly low enough), and it would now amount to $15,330.50. With all these facts before it the court was fully justified in disposing of the property as it did, and appellant has no just grounds of complaint.

3. Appellant takes the position that the court must divide the community property in some proportion between the spouses, that the code so provides, and it has no authority to award all of the 107 acres to the plaintiff, as such act was not a division. In adjusting the property rights of the parties the court may consider all the common property as one asset or fund, composed of separate units, and can often more equitably settle and adjust matters by giving all of designated and described pieces of property to one party than by awarding to each an undivided interest in all. We know of no principle of law or practice that would forbid such a course of action. The court is no more bound to award to each spouse an undivided interest in each piece of land than it is to award to each an undivided interest in each cow or horse.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.