[S. F. No. 10950. In Bank.—August 27, 1925.]

EMILY G. MARSHALL, Appellant, v. JOHN C. MARSHALL, Respondent.

[1] DIVORCE—ALIMONY—APPLICATION TO SUPPORT OF MINOR CHILDREN —APPEAL.—In an action for divorce, upon an appeal from an order purporting to modify both the interlocutory decree and the final decree by striking therefrom a provision for the payment of monthly alimony by the husband to the wife for the support of

the latter's two minor children, who had been adopted by the husband, the provision for the application of the alimony to the support of the children may be either regarded as surplusage or as error, and if the latter, it became final by failure to appeal therefrom; and such order, being based upon the ground that the provision for alimony as originally included in the decrees was void as in excess of the jurisdiction of the court, was erroneous.

[2] ID.—DIVISION OF COMMUNITY PROPERTY—AWARD OF ALIMONY—POWER OF COURT.—In an action for divorce upon the ground of extreme cruelty, the trial court has jurisdiction and power to divide the community property between the spouses or to award all of it to the wife, or to award her alimony in lieu of a division of the property, or in addition thereto, regardless of the question of the existence of children of the marriage of said parties. .

[3] ADOPTION—RIGHT OF PARENT—SEVERANCE OF PARENTAL CONTROL. The natural mother of a child can legally adopt such child only in a case wherein her parental relationship has theretofore been severed as a matter of law.

[4] ID.—VOID PROCEEDINGS.—Where the husband of the mother of minor children in adoption proceedings petitioned that he be allowed "the joint custody and control of said minor children . . . with that of the right of their mother to have such custody and control," and prayed for an order that the minors be declared to be adopted by him jointly with his wife, to which the mother consented in writing, and the order of adoption provided that all other persons should be relieved of any parental duty toward and all responsibility for said children and have no right or control whatever over them "save of that of the mother," the mother retained her parental relationship, and proceedings thereafter whereby the mother purported to adopt the children were an utter nullity.

[5] ID.—JOINT ADOPTION.—Although no express authority therefor is to be found in the code, a husband and wife may jointly adopt a child pursuant to the procedure therein prescribed, the result of which is to make the child, in law, the child of both spouses.

(1) 19 C. J., p. 350, n. 76.　(2) 19 C. J., p. 333, n. 31.　(3) 1 C. J., p. 1370, n. 1, p. 1376, n. 64.　(4) 1 C. J., p. 1375, n. 48.　(5) 1 C. J., p. 1375, n. 48.

APPEAL from an order of the Superior Court of the City and County of San Francisco modifying an interlocutory and final decree of divorce. George H. Cabaniss, Judge. Reversed. ,

2.　See 1 Cal. Jur. 1016; 5 Cal. Jur. 358.
5.　See 1 Cal. Jur. 431; 1 R. C. L. 598.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto and Anthony S. Devoto, for Appellant.

Charles L. James for Respondent.

MYERS, C. J.—This is an appeal by plaintiff from an order made long after judgment purporting to modify both the interlocutory decree and the final decree of divorce by striking out therefrom the provisions therein for the payment of monthly alimony by the defendant to the plaintiff for the support of the latter's two minor children. The plaintiff was a widow with two minor children by her first husband and married the defendant, who thereafter legally adopted these children by proceedings pursuant to the provisions of the Civil Code, section 221 et seq. Thereafter differences arose between the parties, and on December 15, 1920, they entered into an agreement reciting that they had resolved to live separate and apart and had "mutually agreed to divide the community property as follows." Then followed provisions for the equal division of the community property, and then the following provisions: "Said party of the second part [defendant] further hereby agrees to pay the sum of $100 a month for the support and education of Vincent A. Marshall and Monica T. Marshall, that is, $50 a month for each, until they reach the age of majority.

"Said party of the second part also agrees that he will surrender the adoption of said children, and it is understood that Mrs. Emily G. Marshall shall re-adopt said children."

Thereupon, on December 27, 1920, plaintiff filed a petition for the adoption of these two children, together with the written consent thereto of the defendant, and a decree was thereupon entered purporting to accomplish the adoption of her own children by the plaintiff. Four days thereafter an interlocutory decree of divorce was rendered in favor of the plaintiff by default, which awarded the custody of the two children to the plaintiff, but did not refer to them as minor children or as the children of the parties, and contained no finding or recital of fact that they were the children of the parties. It made the same provision for

the payment of alimony and substantially the same provisions for the division of the property as were contained in the contract between the parties. Thereafter and on January 13, 1921, plaintiff and defendant entered into another agreement reciting the entry of the interlocutory decree of divorce and providing: "Whereas said parties hereto have agreed to settle their property rights in accordance with this agreement as amendatory of said interlocutory decree, and it is hereby agreed between them as follows." Then follow provisions for a somewhat different division of the community property, but no mention of the subject of alimony. The defendant paid the alimony as provided in the first contract and in the decree for twenty-six months thereafter, a final decree having in the meantime been entered containing the same provisions respecting the payment of alimony and division of property as were contained in the interlocutory decree. On December 1, 1922, the defendant moved for an order modifying the interlocutory and final decrees by striking therefrom the provisions for the payment of alimony on the grounds "that said order was obtained by misrepresentations made to the court; that the court had no jurisdiction to make said order; and that said order is oppressive and unreasonable." After the hearing the court granted the motion and made the order upon the ground "that at the time of the issuance and entry of the interlocutory decree of divorce and at the time of the issuance of the final decree of divorce herein there were no children of the marriage of the parties hereto. . . . " This order was evidently predicated upon the conclusion that the adoption of the two children by their own mother changed their status so that they were no longer the children of the parties to the divorce action and that, therefore, the court in the divorce proceeding had no jurisdiction to award alimony for their support. This conclusion was rested upon the authority of *Younger* v. *Younger,* 106 Cal. 377 [39 Pac. 779], wherein by a final decree of divorce the custody of the minor child was awarded to the mother. Thereafter with her consent the child was regularly adopted by its grandfather, pursuant to the provisions of the Civil Code. Subsequent thereto the father applied to the court in the

divorce proceedings for a modification of the order award-
ing the custody of the child to the mother, and this court
held that the adoption proceedings had changed the status
of the child so that it was no longer the child of either of
the parties and the court in the divorce proceedings was
deprived thereby of jurisdiction to make any further order
affecting the status or custody of such child.

[1]  The order appealed from herein, purporting to mod-
ify the interlocutory decree and final decree, was made long
after the expiration of six months.  To the extent that such
order was made solely upon the ground that the provision
for alimony as originally included in the decrees was void
as in excess of the jurisdiction of the court, we think it was
erroneous.  [2]  The trial court in the divorce proceeding
(which was upon the ground of extreme cruelty) had juris-
diction and power to divide the community property between
the spouses or to award all of it to the wife, or to award
her alimony in lieu of a division of the property, or in ad-
dition thereto, regardless of the question of the existence
of children of the marriage of said parties.  (Civ. Code,
secs. 139, 141, 142, 146, 147.)  It seems, therefore, that the
provision for *the application of* the alimony thus awarded,
to wit, for the support of the two children, may be regarded
either as surplusage or as error.  If the former, it could be
disregarded; if the latter, it became final by the failure to
appeal therefrom.  Of course, under sections 138 and 139
of the Civil Code the court, having awarded alimony in a
divorce proceeding, retains jurisdiction to vacate or modify
the same in the exercise of a sound discretion.  But it
appears with reasonable certainty from the record herein
that the modification here appealed from was not made in
the exercise of such discretion, but was made solely upon
the ground that the original provision was void.

[3]  There is another question involved herein which has
not been touched upon in the briefs of counsel, namely, the
question of the validity and effect of the proceeding whereby
the mother purported to adopt her own children.  Our Civil
Code provisions respecting adoption contain no definition
of the term, but all of the definitions seem to be in substan-
tial agreement to the effect that it is the act by which
relations of paternity and affiliation are created and recog-

nized as legally existing between persons *not so related by nature or by law.* In other words, it is a proceeding by which the adopting parent assumes a parental relationship toward the *child of another.* (See 1 Corpus Juris, 1370; 1 R. C. L. 592.) It seems unthinkable that one who is both the natural mother and the legal mother of a child can legally adopt such child. The natural mother of a child could legally adopt such child only in a case wherein her parental relationship had theretofore been severed as a matter of law, and this brings us to the question whether or not the adoption of plaintiff's two children by the defendant, her husband, had the effect of legally severing her parental relationship toward the children. We do not think that it had this effect, under the circumstances of this case, notwithstanding the provisions of Civil Code, section 229, that "the parents of an adopted child are, from the time of the adoption, relieved of all parental duties towards, and all responsibility for, the child so adopted, and have no right over it." If, after the adoption of plaintiff's two children by her husband and no further proceedings had, the plaintiff had died, would we hold that her two children were not legally her children and were not her heirs? It seems unlikely. It is plain from the record of the adoption proceedings herein that the parties thereto did not intend thereby to sever the parental relationship between the mother and the children. The husband's petition for adoption recited (italics added) that "Your petitioner herein is a fit and proper person to be allowed the *joint custody and control* of said minor children . . . *with that of the right of their mother* to have such custody and control. . . . Wherefore your petitioner prays that this honorable court make an order that the above named minors [be] adopted and that they be declared to be adopted by your petitioner, in that he shall *jointly together with his wife* Emily Gabriel Marshall be adjudged on such adoption as having the status of the natural father of said minors. . . . " The written consent to the adoption filed therein by the mother was to the effect "That the said John Charles Marshall adopt the said Vincent Anthony Marshall and Monica Thelma Marshall, minors, my children, as his own natural children and

that in conjunction and *jointly with me* act, maintain and have the legal status of a father and . . . shall *jointly with me* maintain the relationship of a parent to said minors herein mentioned.'' The order for adoption ended as follows: ''and that all other persons shall be henceforth relieved of any parental duty towards and all responsibility for the said children and have no right or control whatever over them *save that of the mother* of said minors, namely, Emily Gabriel Marshall, wife of petitioner herein.'' It seems plain, therefore, that after the completion of this adoption proceeding the mother of the children still retained her parental relationship toward them, legally as well as by blood. [4] If this be so, it would follow that the proceeding thereafter, whereby she purported to adopt these children, was an utter nullity. If it was not, it would follow as matter of logic, for example, that a wife could, with her husband's consent, legally adopt their minor child and thus sever, as a matter of law, the parental relationship between such child and its father.

[5] In *In re Williams*, 102 Cal. 70–79 [41 Am. St. Rep. 163, 36 Pac. 407], it was held that although no express authority therefor is to be found in the code, nevertheless a husband and wife may jointly adopt a child pursuant to the procedure therein prescribed, the result of which is to make the child, in law, the child of both spouses. Such was the obvious purpose and intent of both of the parties and of the court in the proceeding whereby the defendant herein purported to adopt the minor children of the plaintiff, his wife. We are not prepared to hold that section 229 of the Civil Code was intended to apply to a situation such as this, and to effect a result so plainly opposite to that which was intended.

We conclude, therefore, that the trial court had jurisdiction to include in its decrees the order for the monthly payments by the defendant which was included in both the interlocutory and final decrees and that the order vacating the same, which was made not in the exercise of discretion under section 138 or section 139 of the Civil Code, but as the setting aside of a void order, should be reversed and the cause remanded with direction to the trial court to con-

sider the pending motion upon the merits thereof and to determine the same in accordance with its sound discretion. It is so ordered.

Lawlor, J., Lennon, J., Seawell, J., Waste, J., Richards, J., and Knight, J., *pro tem.*, concurred.

Rehearing denied.