[Civ. No. 6037.   Third Appellate District.—June 10, 1938.]

LOUISE M. GREEN, Appellant, v. GEORGE W. GREEN, Respondent.

E. T. Young for Appellant.

Kenneth W. Kearney for Respondent.

PLUMMER, J.—In 1916, the plaintiff brought an action against the defendant to obtain a decree of divorce on the grounds of wilful desertion, and asking a division of community property. Personal service was had upon the defendant, who failed to answer. Upon the trial of the action a divorce was granted to the plaintiff, and the interlocutory decree and final decree of divorce divided the community property as follows:

"And it is further ordered, adjudged and decreed that an undivided one-third interest in and to the community property of plaintiff and defendant herein, situate, lying and being in the County of Los Angeles, State of California, and more particularly described as follows, to-wit: The south forty-nine and ninety-seven one hundredths (49.97) feet of lot thirteen (13), and the north five hundred and fourteen and eleven one hundredths (514.11) feet of lot fourteen (14) in Tract 1664, in said County of Los Angeles, State of California, as per Map of said tract recorded in Book 22 of Maps, at pages 10 and 11, records of Los Angeles County, in the county recorder's office of said County of Los Angeles, State of California, be, and it is hereby awarded to plaintiff herein, as and for her sole and separate property."

In 1936 the plaintiff gave notice of, and filed a motion for the amendment *nunc pro tunc* of the decree just mentioned, to the effect that it would award to the plaintiff a one-half interest instead of an undivided one-third interest in and to certain property described in the decree. The trial court denied the motion, and from the denial of said motion the plaintiff prosecutes this appeal.

The appeal is based upon subdivision 2 of section 146 of the Civil Code which provides that if the decree be rendered on any other ground than that of adultery or extreme cruelty,

the community property shall be divided equally between the parties.

The contention of the appellant appears to be to the effect that the court, under the subdivision of section 146, *supra,* must award to each of the parties an undivided one-half interest of every specific parcel of community property. This, however, is not sustained by the authorities in this state passing upon that question. The cause is before us, of course, simply upon the judgment roll, and we must presume that the testimony supported the decree entered by the trial court. The entire current of authority is to the effect that the trial court shall divide the community property equally, which means that each shall take an equal portion of the community property, of as nearly equal value as can be determined and divided by the trial court.

A similar case was before the court in *Thomsen* v. *Thomsen,* 31 Cal. App. 185 [159 Pac. 1054]. What is said in that case is decisive of the questions here presented. We quote therefrom as follows:

"Appellant takes the position that the court must divide the community property in some proportion between the spouses, that the Code so provides, and it has no authority to award all of the 107 acres to the plaintiff, as such act was not a division. In adjusting the property rights of the parties the court may consider the common property rights, asset or fund, composed of separate units, and can more often equitably settle and adjust matters by giving all of designated and described pieces of property to one party than by awarding to each an undivided interest in all. We know of no principle of law or practice that would forbid such a course of action. The court is no more bound to award to each spouse and undivided interest in each parcel of land than it is to award to each an undivided interest in each cow or horse."

To the same effect are the following cases: *Marshall* v. *Marshall,* 196 Cal. 761 [239 Pac. 36]; *Webster* v. *Webster,* 216 Cal. 485 [14 Pac. (2d) 522].

Other points are discussed in the briefs, but what we have said shows that the appeal is absolutely without any merit.

The order of the trial court is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 8, 1938.