## GREEN v. GREEN.*
### No. 8848.

Circuit Court of Appeals, Ninth Circuit.

Nov. 30, 1938.

E. T. Young and Wm. B. Spivak, both of Los Angeles, Cal., for appellant.

Alfred L. Bartlett and Kenneth W. Kearney, both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a decree in a partition suit brought against appellee by appellant, formerly appellee's wife. The decree denied the wife any relief and she appeals. The wife sought to partition a five acre tract of land, now producing oil, but which at the times pertinent to the decision was planted to oranges, and is hereinafter called the orange land. The bill alleged that the orange land had been their

*Writ of certiorari denied 59 S.Ct. 594, 83 L.Ed. —.

community property and that the decree divorcing them, on the ground of wilful desertion, and purporting to distribute to her a one-third common interest, was void, since, the wife claims, the court, under paragraph "two" of section 146 of the Civil Code of California, had jurisdiction only to award her a one-half interest. That section reads:

"§ 146. *Disposition of community property and homestead on divorce.*

"\* \* \* \* \* \*

"Two. If the decree be rendered on any other ground than that of adultery or extreme cruelty, the community property shall be equally divided between the parties.

"\* \* \* \* \* \*."

Subsequent to the distribution, the oil had been discovered and developed by the lessee of a lease, still extant, given by both parties. The division of the royalties from the lease has been based on a third ownership in the wife. The bill prayed she be adjudged the owner of a one-half interest in the orange land and for a determination of her interest in the lease. The husband's interest has had a history not relevant to our decision. The prayer included an accounting from the husband on the theory of the wife's half ownership in the orange land and interest in the proceeds from the lease.

The judgment roll in the divorce proceeding was in evidence below. Over the wife's objection that, the decree being void, it could not be shown to have been made valid by her consent to its terms, evidence was introduced that she had so consented. Again, over her objection, evidence given in the divorce proceeding was introduced which tended to show that another piece of real estate, in Arcadia, California, distributed to her by the decree to be her separate property, was paid for in part by the community funds. Hence it was contended that the value of the Arcadia land, plus the one-third interest in the orange land distributed to her may well have given her one-half the value of the community property, thus satisfying the husband's interpretation of the provision of paragraph "two" of section 146 of the Civil Code of California and as construed in Thomsen v. Thomsen, 31 Cal.App. 185, 189, 159 P. 1054, and in Green v. Green, Cal.App., 80 P.2d 513. The latter was another proceeding brought by the wife against the husband concerning the distribution of the divorce decree and is more fully considered infra.

The husband also contended that the decree's award to the wife of $30 per month alimony should be considered as in lieu of community property. In the absence from the decree of any valuation of the orange land, he contends that the alimony must be deemed to have been added to the one-third interest in the orange land, and the total to amount to half the value of the community property.

The overruling of these objections to the evidence and other claimed errors are here assigned as error. It is unnecessary to consider them since the decision adverse to her on the principal question of law argued here requires an affirmance of the decree below for the husband. This question is whether, with the presumption in favor of the divorce decree, any error at all, much less any error of power or jurisdiction, is shown on its face.

■ The wife's divorce complaint gave the court jurisdiction of the subject matter of the distribution of the community property. The husband had been made a party. In this collateral attack, the decree she procured has the usual presumption in its favor of the regularity of the acts of the judicial officer in the steps leading to the decision, and more specifically that the evidence supports the findings. This is true on a direct appeal on the judgment roll which contains the challenged divorce decree apportioning the property. Webster v. Webster, 216 Cal. 485, 489, 14 P.2d 522. A fortiori is it true on collateral attack. Also if there be an ambiguity in construction of the findings as supporting the decree, the ambiguity shall be resolved in favor of its validity.

There is no finding in the divorce decree of the value or relative value of the two tracts of land. There is no finding that the Arcadia land is not a part of the community property. There is a statement in the interlocutory decree as to the way the two pieces "*ought* to be *awarded* to" the parties. It states:

"\* \* \* that certain real property \* \* \* [the Arcadia land] now standing of record in the name of plaintiff herein ought to be awarded to, and ordered, adjudged and decreed to be, the sole and separate property of the plaintiff herein; and that an undivided one-third interest in and

to * * * [the orange land] now standing of record in the name of defendant herein, ought to be awarded to, and ordered, adjudged and decreed to be, the sole and separate property of plaintiff herein."

The adjudicatory portion of both the interlocutory and final decrees awards the two pieces in the manner the court had previously concluded they "ought" to be awarded, namely, that the Arcadia piece "be and it is *hereby awarded* to plaintiff herein as and for her sole and separate property" and "that an undivided one-third interest in and to the community property of the plaintiff and defendant herein [the orange land] *be* and it is *hereby awarded* to the plaintiff herein, as and for her sole and separate property". (Italics supplied.)

The decree *distributed* to her the Arcadia land. The court had no power to distribute it unless it was community property. With regard to any property not community, the limit of the court's power is to decide that it is excluded from the community, and hence cannot be distributed by it. If, prior to the decree, the wife has separate property, her title is not derived from the decree of divorce. That decides no more than that the husband, as such, has no interest in it. If it were otherwise, after divorce, there would be a cloud on all a spouse's separate property, not distributed to its owner by the decree. Hence, it is inferable, that because the court distributed the Arcadia land, the court had before it evidence showing this land had a community character which required its segregation and division between the spouses.

As stated, the husband also argues further that the presumption requires an inference that the evidence showed community funds had contributed to the purchase of the Arcadia land and that the husband had some interest in that piece, which, when added to the one-third interest in the orange land equalled one-half the value of the community property. If there be ambiguity in the decree's language, it must be resolved in favor of the decree's validity.

Besides the interest in the orange land distributed to the wife, the decree awarded "the sum of thirty dollars ($30) per month as permanent alimony and for the support and maintenance of the said minor child, Nathaniel Baldwin Green".

The husband also contends that even in the absence of the award of the Arcadia land, the presumption in favor of the decree requires an assumption, in this collateral attack, that her interest in the awarded alimony added to the third interest in the orange land equalled in value a half interest in the community. In support of this theory the husband cites Marshall v. Marshall, 196 Cal. 761, 239 P. 36, and Webster v. Webster, 216 Cal. 485, 14 P.2d 522.

In the Marshall Case alimony had been awarded to the plaintiff in a divorce decree granted for extreme cruelty. The decree became final. Thereafter a motion was made for modification of the decree by striking out the alimony award on the ground the court had no jurisdiction to award it. The Superior Court granted the motion. On appeal the Supreme Court of California, in reversing at page 765, 239 P. at page 37, states:

"* * * To the extent that such order was made solely upon the ground that the provision for alimony as originally included in the decrees was void as in excess of the jurisdiction of the court, we think it was erroneous. The trial court in the divorce proceeding (which was upon the ground of extreme cruelty) had jurisdiction and power to divide the community property between the spouses or to award all of it to the wife, or *to award her alimony in lieu of a division of the property*, or in addition thereto, regardless of the question of the existence of children of the marriage of said parties. * * *" (Italics supplied.)

To the same effect is the decision of the California Supreme Court in Webster v. Webster, supra. On page 488, 14 P.2d 522, of that opinion the court refers to page 765, 239 P. 36, of its decision in the Marshall Case, from which the above is quoted. The divorce was for cruelty and a question was raised as to whether Mrs. Webster had been awarded her share of the community property. She contended none was awarded because she received nothing but $3,500, secured by a mortgage of the property awarded the husband, and $40 a month maintenance until she remarried. The court, referring to both awards, held, [page 523], "This is a proper method of distribution of the *property* and is a matter to be determined in the sound discretion of the trial court". (Italics supplied.)

■ Though not urged by the husband, the presumption in favor of the divorce decree on this collateral attack also may be supported by and requires an assumption that the trial judge had before him evidence that the orange land was paid for in part by the husband's separate property, and that the one-third awarded her amounted to one-half the community interest. There was testimony to this effect in the trial below in the instant case, though, as stated, this testimony is not required for our disposition of the appeal.

There was evidence in the district court below that in the divorce proceeding,. the wife, at the hearing on the distribution in which the husband appeared as a witness, had consented to the decree she now challenges. The district court found that she had so consented.

The issue before us regarding the validity of this distribution of the divorce decree was raised by the wife in the divorce suit against the husband (Green v. Green, 80 P.2d 513) decided in the California District Court of Appeal. In that suit, twenty years after the divorce decree was given, the wife moved the Superior Court for its amendment nunc pro tunc to give her one-half the orange land. Her motion was based on the theory that under the Civil Code of California, section 146, "two", the court had no jurisdiction to divide it otherwise. Her theory seemed to. be that there were in that suit findings requiring a distribution to her of one-half the orange land' and a void decision and judgment. Hence the case was still pending and required an amended conclusion of law and decree based on the findings.

The Superior Court denied the motion. She appealed to the District Court of Appeal, which sustained the trial court. This case was pleaded in the answer as another action pending. Before the hearing here its decision became final. At the hearing this was agreed and the weight and effect of the decision was argued as if presented by the pleadings. The answer is ordered amended to correspond with the agreed fact.

■ The appellate court's opinion sustaining the denial of the motion to amend holds that the decree here questioned properly divided the community property. The court cites the cases, supra, of Webster v. Webster, Marshall v. Marshall, and Thomsen v. Thomsen. A final decision of the California appellate court, though not one of last resort, has great weight.

■ However, in this case that decision has a deeper import than a mere holding on the California law. The relief sought in the California appellate court would produce the same result with respect to the distribution of the divorce decree as the relief sought here. Its decision denying it is adjudicated upon the same judgment roll. While the incidents of that court's reasoning are not stated, the presumption in favor of the decree's validity requires us to hold that, if not presented and decided against her, the wife has had the opportunity, in a proper forum, for presentation of the questions of law here raised. That court's decision makes res judicata the validity of the distribution of the divorce decree and the decree below must be affirmed. Having had her day in court and a decision adverse to her, she cannot force the husband to a second trial on the same issue, though it be one concerning the jurisdiction of the court in another action. Lake v. Bonynge, 161 Cal. 120, 127, 118 P. 535; Peterson v. Weissbein, 80 Cal. 38, 39, 22 P. 56.

The judgment roll also shows that the divorce complaint describes only the orange land and asks only for its distribution. The husband defaulted and the question arises whether the court had the power to determine the community interest in the Arcadia land, and hence the power to distribute it as from part of the community in determining the half of the wife. Lang v. Lang, 182 Cal. 765, 767-769, 190 P. 181; Parker v. Parker, 203 Cal. 787, 791-793, 266 P. 283. No error has been assigned with reference to this question. If relevant, its decision adverse to the wife also is necessarily implied from the decision in Green v. Green, supra, based upon the same judgment roll.

Affirmed.