[Civ. No. 11039. First Appellate District, Division Two.—May 26, 1939.]

MARIE JOHNSTON, Appellant, v. AMEDEE JOHNSTON, Respondent.

Joseph E. Isaacs and Alan H. Critcher for Appellant.

Edmund J. Holl for Respondent.

SPENCE, J.—This is an appeal by plaintiff upon the judgment roll alone from an interlocutory decree of divorce. It was adjudged by said interlocutory decree that plaintiff was entitled to a divorce upon the ground of extreme cruelty and on this appeal, plaintiff's attack is directed solely at the portion of the decree dealing with the community property.

The trial court found that plaintiff and defendant had "a community interest" in certain household furniture and a one-story bungalow in the town of El Verano. In dealing with the property rights of the parties, the trial court found and concluded that "plaintiff is entitled to the sum of Five Hundred Dollars ($500.00) which said sum is to be paid by defendant to plaintiff in lieu of plaintiff's right to any alimony, maintenance and support and in lieu of plaintiff's right to any interest in the community property . . . ", and "that upon the payment of said sum of Five Hundred Dollars ($500.00) by defendant to plaintiff, all of the right, title and interest in and to the above described real and personal property is awarded to defendant". The interlocutory decree was entered accordingly.

Plaintiff contends that as the interlocutory decree was awarded to her upon the ground of extreme cruelty, she was entitled to at least one-half of the community property. (Civ. Code, sec. 146.) We are of the opinion, however, that the record before us fails to show any prejudicial error on the part of the trial court in dealing with the community property. The appeal is taken solely upon the judgment roll and no reporter's transcript or bill of exceptions

is before us. As was said in *Ramacciotti* v. *Ramacciotti,* 131 Cal. App. 191 [20 Pac. (2d) 961], ''The record is silent as to the evidence, stipulations or agreements, if any, that actuated the trial court in its decision,'' and ''all presumptions must be in favor of the validity of the judgment.''

For aught that appears in the record before us, the real and personal property may have been of little value, it may have been encumbered and there may have been other community debts. It has been held that ''The community property to be distributed upon a dissolution of the community by divorce is the residue which remains after the discharge of the community obligations.'' (*Farmers' Exchange Nat. Bank* v. *Drew,* 48 Cal. App. 442, 450, and 451 [192 Pac. 105] ; see, also, *Frankel* v. *Boyd,* 106 Cal. 608 [39 Pac. 939].) Under various circumstances, an award of money to the wife in lieu of her interest in the real and personal property of the community has been sustained. (*Webster* v. *Webster,* 216 Cal. 485 [14 Pac. (2d) 522] ; *Marshall* v. *Marshall,* 196 Cal. 761 [239 Pac. 36] ; *Meyer* v. *Meyer,* 184 Cal. 687 [195 Pac. 387] ; *Gaston* v. *Gaston,* 114 Cal. 542 [46 Pac. 609, 55 Am. St. Rep. 86].)

We must assume that there was evidence, or perhaps stipulations or agreements, before the trial court which warranted the award of a lump sum to plaintiff in lieu of her interest in ''the community property to be distributed.'' There is nothing to show that the amount awarded was equivalent to less than half of such community property. As was said in *Webster* v. *Webster, supra,* at page 489, ''In the absence of the evidence it is, of course, impossible for us to say that the court below awarded less than one-half of the community property to the plaintiff, or otherwise erred or abused its discretion in awarding the same.''

The interlocutory decree is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.