[Civ. Nos. 14071, 14109.   Second Dist., Div. One.   Aug. 25, 1943.]

ERNEST DE WITT BAILEY, Respondent, v. LAURA H. BAILEY, Appellant.

Oscar S. Elvrum for Appellant.

John K. Ford and Paul Briskin for Respondent.

DORAN, J.—In the court below defendant and appellant was granted an interlocutory decree of divorce from plaintiff and respondent upon the ground of extreme cruelty as set up in appellant's cross-complaint. Both parties concede the propriety of the decree of divorce, but appellant has taken this appeal from that portion of the decree which purports to make an award of the community property of the parties. The portion of the decree from which this appeal is taken reads as follows: "It is further ordered adjudged and decreed that Laura H. Bailey the Cross-Complainant herein, be awarded any and all monies deposited in the name of Laura H. Bailey at the Bank of America, Lancaster Branch, Lancaster, California, and the caracul sheep, numbering 11 head more or less, now in the possession of the said cross-complainant. It is further ordered, adjudged and decreed, that plaintiff and cross-defendant is hereby awarded all of the community property interest of the parties hereto in any and all real or personal property of the parties hereto and that from this day henceforth said interest shall be the separate property of said plaintiff and cross-defendant." Appellant also contests the recital in the decree that findings of fact and conclusions of law were duly waived by the parties. Appellant has also taken a separate appeal from an order awarding appellant the sum of $50 for costs on her appeal from the interlocutory decree in question and the sum of $50 for attorney fees on appeal. Counsel for the respective parties have stipulated that these two appeals may be consolidated.

The contention that findings of fact and conclusions of law were not waived is supported by the reporter's transcript, certified as correct and settled by the trial judge, wherein the following appears:

"MR. ELVRUM (appellant's counsel): There will be findings of facts? THE COURT: I don't know as you need them unless you want them. MR. BRISKIN (respondent's counsel): I don't think so. MR. ELVRUM: This court is not deciding as to that joint tenancy matter? THE COURT: I cannot touch it. MR. BRISKIN: We will have findings and conclusions of law, and facts. MR. ELVRUM: Yes. . . ." The record does not subsequently show any waiver of this demand for findings.

Appellant's principal contention as to the error of the trial court in the disposition of the community property of the parties is based upon the proposition that in granting a divorce for extreme cruelty the innocent or prevailing spouse is entitled to more than one-half of the community property. In presenting her argument, however, appellant has ignored the fact that the record clearly indicates that the trial court made an award of $100 per month alimony to appellant in lieu of appellant's interest in the community property in question, although the decree did not recite that the award of alimony was in lieu of community property. No appeal has been taken from that portion of the decree, which reads as follows: "It is further ordered adjudged and decreed that cross-defendant shall pay to cross-complainant the sum of $100 per month commencing upon the 6th day of October, 1942 and payable $100 per month on the 6th day of each and every month thereafter until further order of court." At the trial the court expressly stated that this award was being made instead of an interest in the community property. The court also indicated that the state of appellant's health was a factor in fixing the amount of the monthly payments. That portion of the decree from which the appeal is taken is plainly not severable from that in which appellant was awarded alimony; and it is therefore proper here to review the award of money to appellant along with the portion of the decree contested by appellant. (*Milo v. Prior*, 210 Cal. 569, 571 [292 P. 647].)

Respondent and his brother are farmers, operating as partners upon some 240 acres of land, engaged in the business of raising alfalfa hay. This partnership was formed prior to the marriage of appellant and respondent. Before the marriage respondent and his brother as partners acquired 40 acres of land by purchase and took another 40 acres under lease, and have farmed both parcels as partners ever since. After the marriage of appellant and respondent and during coverture another 40 acres was purchased by the partnership and 160 acres was acquired in joint tenancy, in the name of respondent's brother, as a single man, and respondent and appellant, husband and wife. The bulk of the real and personal property in which appellant claims a community interest is involved in the farming operations of the partnership. Appellant and respondent were married in 1930. The farm-

ing operations appear to have lost money until 1941. The partners each drew $50 a month from the partnership. The value of the real property, other than the 160 acres in joint tenancy mentioned above, was not established, nor was any evidence given as a basis for the establishment of its value. The personal property, live stock and farm machinery connected with the farming operations at the time of the trial appears to have had a value of between four and five thousand dollars. At that time the partnership had about $1,200 in the bank, subject to the payment of the month's bills. There was no evidence of the amount of profits derived from the farming operations since 1941, though there was some basis given for an estimate. Respondent in his complaint alleges a community property interest of the parties in the approximate sum of $5,000. In passing, attention should be called to section 2419(e) of the Civil Code, wherein it is provided that a partner's right in specific partnership property is not community property.

As to evidence of property other than that involved in the partnership, respondent has a 20-payment policy of life insurance, the face value of which is not shown by the record. The policy was taken out when respondent was 15 years of age. The annual premium thereon is $70.71, and during the marriage of appellant and respondent the total sum of $777.81 was paid in premiums on the said policy. There is a 1942 Chevrolet automobile purchased by respondent, but there does not appear to be any equity therein. During their marriage the parties acquired a certain Bentonite mining claim located in the county of San Bernardino. There is some evidence that the necessary assessment work has not been kept up on this claim. The proceeds derived from a lease on this claim were divided equally between the parties as the same were received. The evidence reveals that the bank account in the Bank of America, Lancaster Branch, was derived from appellant's share of the proceeds from the Bentonite mine and from the proceeds of the sale of butter and eggs made by appellant. It is apparent from the record that the parties intended this money to be appellant's separate property. The caracul sheep were purchased by appellant partly from funds out of this account and partly through a loan from appellant's father. It is thus apparent that the sheep also constitute the separate property of appellant. The

record reveals that the trial court considered the 160 acres held in joint tenancy as the separate property of the parties; and in this view the court appears to have been correct. (*Siberell* v. *Siberell*, 214 Cal. 767 [7 P.2d 1003].)

An award of money in lieu of a specific interest in community property is a proper one for the court to make. (*Webster* v. *Webster*, 216 Cal. 485, 488 [14 P.2d 522]; *Marshall* v. *Marshall*, 196 Cal. 761, 765 [239 P. 36]; *Meyer* v. *Meyer*, 184 Cal. 687 [195 P. 387].) In *Webster* v. *Webster*, in lieu of awarding a portion of the property in kind to the plaintiff wife, the interlocutory decree granted to her a lump sum of money, represented by a promissory note in the sum of $3,500 to be executed by the defendant husband and to be secured by a mortgage on the real property awarded to the defendant husband. Plaintiff was also awarded $40 a month for her support and maintenance, to be paid by the defendant until such time as the plaintiff remarried. The court there said: "A reasonable construction of the interlocutory decree readily discloses that plaintiff *was* awarded a portion of the community property, her share being awarded to her in money rather than in kind, the same being secured by a mortgage on the real property. The fact that the decree awards said sum 'for the maintenance and support of the plaintiff,' does not make it any the less an award of a portion of the community property. In addition thereto, plaintiff was awarded support money, payable monthly, until such time as she remarried. This is a proper method of distribution of the property and is a matter to be determined in the sound discretion of the trial court." In *Marshall* v. *Marshall, supra,* wherein alimony was awarded the wife in addition to a division of the community property, the court said: "The trial court in the divorce proceeding (which was upon the ground of extreme cruelty) had jurisdiction and power to divide the community property between the spouses or to award all of it to the wife, or to award her alimony in lieu of a division of the property, or in addition thereto, regardless of the question of the existence of children of the marriage of said parties." In *Meyer* v. *Meyer, supra,* there was community property consisting of real estate of the value of $25,000. This real estate was not divided by the decree nor ordered sold, but the defendant was directed to pay the plaintiff $18,000, and its payment was made a charge upon the

property by requiring the defendant to give a mortgage upon it for that amount. In *Johnston* v. *Johnston*, 33 Cal.App.2d 90 [91 P.2d 142], the trial court found and concluded that ''plaintiff is entitled to the sum of Five Hundred Dollars ($500) which said sum is to be paid by defendant to plaintiff in lieu of plaintiff's right to any alimony, maintenance and support and in lieu of plaintiff's right to any interest in the community property . . . ,'' and ''that upon the payment of said sum of Five Hundred Dollars ($500) by defendant to plaintiff, all of the right, title and interest in and to the above described real and personal property is awarded to defendant.'' The interlocutory decree was entered accordingly; and this decree was affirmed.

In the case at bar the trial court has failed to make any findings as to the nature and extent of the community property interest. This defect might be remedied by the appellate court, except for the fact, as already indicated, that the evidence is not sufficient upon which to make a finding as to the value of the community property interest of the parties. Without first having ascertained the value of the community property interest involved, it would be impossible, under the circumstances of this case, to make any just or equitable award as to division of the property or compensation in lieu thereof. Upon the record presented, it is impossible to state what proportion of the community property interest the monthly payments of $100 represent. Nor is it possible to determine what proportion of the $100 payments is to apply to the community property interest and what proportion thereof is to apply to alimony, awarded because of the state of appellant's health and her consequent need for support. Under the circumstances here presented, the trial court must be held to have abused its discretion in attempting to make an award of money in lieu of a division of property in kind, without first having found the value of the community property interest.

Appellant contends that it was the duty of respondent to render a true and accurate account of the partnership affairs subsequent to the date of marriage of the parties and disclose all community property in his possession or under his control to appellant, so that a fair and equitable division of the same can be made by the court. The record reveals that in many instances respondent professed an inability to

render any accurate accounting; but it does not clearly appear from the record that respondent's failure in this respect was due to any desire on his part to hinder, delay or defraud appellant, and no such inference can be drawn by this court from the evidence presented. Appellant, on the other hand, does not appear to have made an attempt to obtain any positive or competent evidence in order to remedy the defect in this regard. In view of the insufficiency of the evidence as to the value of the community property and the impracticability of trying the issue of community property in this court, in the interests of justice and equity the case must be remanded for a new trial upon the question of the value of the community property involved.

Upon the appeal from the order awarding costs and attorney's fees, the record shows that the motion for such costs and fees was heard upon affidavits of the respective parties. Appellant's affidavit, which alleged certain facts pertaining to plaintiff's ability to pay and defendant's lack of such ability, was disputed by counter-affidavit. So far as this appeal from that portion of the order allowing $50 costs on appeal is concerned, it may be disregarded. The judgment being reversed, the prevailing party is entitled to costs on appeal.

With regard to the question of attorney's fees, the record reveals that counsel had been awarded a total of $500 as attorney's fees, which fact the court in all probability took into account in fixing attorney's fees for the appeal. In the circumstances, notwithstanding the opportunity for a difference of opinion with respect to such matters, the showing is insufficient to warrant any interference with such order on appeal.

The portions of the interlocutory decree from which appeal has been taken, together with that portion of the decree awarding the sum of $100 per month alimony to appellant, are, and each of them is reversed; and the cause is remanded for a retrial of the issues as to the community property interest of the parties, with directions to the trial court to make findings thereon. The order awarding appellant counsel fees on appeal is affirmed.

York, P. J., and White, J., concurred.