No. 16,359.

Abrams *v*. Abrams.
(232 P. [2d] 742)

Decided May 28, 1951.

1

Mr. Gordon L. Allott, Messrs. Gordon, Railley & Gordon, Mr. George A. Wollbrinck, Mr. St. George Gordon, Barbara Lee, for plaintiff in error.

Messrs. Todd & Statler, for defendant in error.
*In Department.*

Mr. Justice Holland delivered the opinion of the court.

This action is to review a judgment entered in defendant in error's favor on a special trial to the court concerning the property rights of plaintiff and defendant after final decree of divorce, such hearing being specially reserved in the interlocutory decree of divorce.

The parties hereto were married in Missouri in 1944 and shortly thereafter they moved to a farming community in Bent county, Colorado. In the early part of 1945, plaintiff in error, who will herein be referred to as defendant, leased 800 acres of land twelve miles away in Kiowa county. Plaintiff, Myrtle Abrams, had sold a small property in Missouri for approximately $4,000. She advanced certain sums to her husband, the defendant, for the purchase of household furnishings, and in October of that year she insisted on a settlement for the

sums she had advanced and immediately thereafter instituted a divorce suit which was dismissed upon reconciliation of the parties. Defendant was under an order of court for the payment of $25.00 per month for the support of his children, who were in the custody of his divorced wife in Denver. Shortly after the reconciliation, and about Christmas time of 1945, defendant told plaintiff that he had contacted the owner of the land he had been leasing, with reference to its purchase, and he asked plaintiff if she would be willing to join him in paying the purchase price amounting to $4,000 payable $1,000 down and $1,000 per year with 4 per cent per annum on the unpaid balance. He told plaintiff that he did not have sufficient funds to make the down payment and some necessary improvements to make the place livable. They agreed, and both entered into a written contract with the owner for the purchase on the above-mentioned terms. Plaintiff and defendant agreed between themselves that each would make one-half of the down payment and one-half of the subsequent payments, including the interest. At that time defendant was delinquent in his payments for the support of his children, and, because of this delinquency, in May, 1946, his former wife sent the children to him. This apparently precipitated trouble between the parties hereto, and plaintiff, the wife, instituted another action for divorce and for alimony and property settlement. An amended complaint was filed setting up more details of the property interests, to which answer and cross claim was filed. Trial was had to a jury on the question of cruelty, resulting in a verdict in defendant's favor on March 21, 1947. Interlocutory decree was entered April 22, 1947, with reservation for further hearing on the matters pertaining to property rights. This interlocutory decree of divorce became final after the expiration of six months from its date. On December 2, 1948 the question as to the property rights came on for hearing.

At the opening of the trial a stipulation between counsel was read into the record and is as follows:

"Mr. Todd: * * * Well, I shall interpose here, —That about the time this divorce action was filed, right afterwards, another action was filed by plaintiff for partition of this land. And Mr. Allott and I—Mr. Allott representing the defendant—I believe we agree that we will consent to this Court in this trial, having full jurisdiction of the division of the land by partition, or as the Court may see fit. Is that correct, Mr. Allott?

"Mr. Allott: Yes, that is correct."

After hearing testimony for about four days, the trial court entered painstaking and comprehensive findings and judgment thereon in favor of plaintiff wife in the sum of $4,807.94. Motion for new trial was filed, and, pursuant to a motion to strike, was stricken from the files.

It is contended by counsel for plaintiff in error, that this case should be controlled by our statutes which relate to the partition of land, and it further is contended that the decree of the trial court is in the nature of a partition decree. We do not accept that particular theory in this case. Further, counsel for plaintiff in error seems not to be embarrassed by the stipulation entered into at the opening of the trial, nor by his answer filed in the partition suit. In the strict sense, the pleadings in the partition suit are not before us; however, a portion of the answer therein is set out in defendant in error's brief, to which we find no denial by plaintiff in error. As it relates to the question under immediate discussion, that part of the answer in the partition suit is as follows: "That the above entitled court lacks jurisdiction over the subject matter of this action and as grounds therefor alleges that the disposition of said property was put in issue by the plaintiff in a cause in this court entitled 'Myrtle Abrams v. Harry R. Abrams' and the rights, interest and claims of both the plaintiff, Myrtle Abrams and the defendant Harry R. Abrams, have already been put in issue in said cause before the district court of Kiowa County." This quoted allegation refers to this

divorce action which was pending prior to the filing of the suit in partition. By the stipulation at the beginning of the trial as to the property rights, counsel for plaintiff in error agreed that the court, under the reservation in the interlocutory decree, should take *"full jurisdiction of the division of land by partition, or as the court may see fit."* It is apparent that counsel, in now contending that in the hearing on the property rights the statutes on partition should control, manifests a dual contention. In the absence of such a stipulation, as we here find, section 8 of chapter 56, '35 C.S.A., empowers the trial court in divorce matters, after decree, on hearing, to provide for alimony, and decree a division of the property. *Shapiro v. Shapiro,* 115 Colo. 505, 176 P. (2d) 363. In the Shapiro case, it is further said: "Such property division may be made even where the wife is not entitled to alimony. And it is not a necessary prerequisite that the wife show that she has contributed by funds or efforts to the acquiring of the specific property awarded to her." There is no objection to an award of a lump sum, as here, because it represents what the court determined, on sufficient evidence, to be the value of defendant in error's equitable share of the property here involved. In arriving at the judgment, it appears from the findings herein that the trial court exercised great care in calculating the adjustments back and forth between the parties and arrived at a result that would seem fair and equitable.

Counsel for plaintiff in error makes extended argument on the following general theories: That this is a partition suit; that this was a partnership, dissolved by plaintiff when she sought a divorce; that this is a co-tenancy, and the rights of the parties as cotenants are involved.

We will not attempt a detailed statement of the facts in controversy, but are contented with saying that epitomized, they are as follows: That during the marriage relation after reconciliation, and on or about January 1, 1946, the parties jointly entered into a written

contract for the purchase of the 800 acres of land in Kiowa county, here involved, for the sum of $4,000; that each party paid one-half of the required down payment of $1,000, and each paid his or her one-half of the succeeding $1,000 yearly payments until August of 1948, when defendant, plaintiff in error here, voluntarily and without notice to defendant in error, paid the entire last installment, which was not due until January of 1949, and he thereby obtained a deed running to himself and his then former wife, Myrtle Abrams, defendant in error. This last transaction was after the final decree of divorce, which became effective six months after April 22, 1947. It is to be noted that defendant in error continued to make her payments after the divorce decree was granted. It further appears that in the spring of 1946, during the marriage relationship, the parties constructed a house and some small outbuildings and built and repaired fences on the property, and that they both shared in the purchase of materials for the improvements; that in the early part of May, 1946, defendant in error, the wife, left the premises and since that date, plaintiff in error has been in sole possession and occupancy thereof; that during that time he farmed a large portion of the premises; acquired and pastured quite a number of cattle thereon, and, as the court found, had had an income during 1946, 1947 and 1948 in the amount of $6,414.08; the trial court also found that plaintiff in error had made a number of improvements in the years 1947 and 1948, without the knowledge or consent of defendant in error, which were not necessary to the cultivation or operation of the lands and were not chargeable against her interest in the lands; the court further found that at the time of the trial of the property rights, a fair market value of the 800 acres of land, together with the improvements thereon, made *prior* to the year 1946, and without regard to the additional improvements made in 1947 and 1948, was $13.00 per acre or a total value of $10,400. We find this to be in keeping with the lowest

estimate of the value given by the various witnesses familiar with naked land values in that locality, and this thirteen-dollar value seems to be predicated upon the testimony of plaintiff in error's own witness who testified the land to be worth between $11.00 and $15.00 per acre, depending upon the pasture lands or the cultivated lands.

After careful calculation of the amounts expended by both parties hereto for improvements, taxes and rental, the excess of credits of plaintiff in error over the credits of defendant in error was $392.06 to be deducted from the $5,200, being the value of defendant in error's one-half interest in the land, leaving a balance due defendant in error in the sum of the judgment herein, namely, $4,807.94.

As a result of the meager beginning of plaintiff in error in December of 1944, according to his own testimony, with the capital of $1,800, he married defendant in error, who had something over $4,000 from the sale of her home and personal property, and with her advances and assistance, is now operating a 3,000 acre ranch from his headquarters on the 800 acres, and by the decree herein, receives full benefit of all improvements he has made, and has accumulated real and personal property of a value of approximately $27,000, while defendant in error is dependent upon her earnings as a waitress for a living.

■ From our viewpoint, after a review of all the evidence, the judgment herein is noticeably conservative; is based upon ample evidence for its support; and the trial court exercised its equitable powers in a commendable way, therefore, its judgment should be, and is, affirmed.

■ Defendant in error has filed, directly in this court, her petition herein for allowance of costs and attorneys' fees, containing the verified statement that her attorneys have received nothing to be credited as counsel fees in the property-settlement trial, nor anything for defense as to this writ of error, and in consideration of

8

her petition, she hereby is awarded the sum of $250 as attorneys' fees for defense of this writ of error, and her costs in connection therewith, and the trial court is directed to award counsel for defendant in error a reasonable attorneys' fee for services in the trial court.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE HAYS concur.