[Civ. No. 20613.   Second Dist., Div. Two.   Feb. 11, 1955.]

MARY ETTA CLARK, Appellant, v. NATHAN HENRY CLARK, Respondent.

Porter & Ragland for Appellant.

Gladys Towles Root and Joseph M. Rosen for Respondent.

McCOMB, J.—Plaintiff appeals from the portion of an interlocutory decree of divorce dividing the community property between the parties.

*Facts*: Plaintiff was granted an interlocutory decree of divorce from defendant upon the ground of extreme cruelty. All the community property was divided between the parties by stipulation excepting the amount of plaintiff's interest in a piece of real property located at 807 East 103d Street, Los Angeles. For her interest in this property plaintiff was awarded $1,250, payable by defendant to her at the rate of $50 per month. The property itself was awarded to defendant.

*Question: Did the trial court err in not making a larger award to plaintiff for her interest in the community real property above mentioned?*

*No.* ■ It is established in California that if a divorce is granted on the ground of extreme cruelty, the innocent party is entitled to more than one half of the community property. (*Tipton* v. *Tipton,* 209 Cal. 443, 444 [1] [288 P. 65].)

■ It is likewise settled that in a divorce action an award of money in lieu of a specific interest in community property is proper. (*Bailey* v. *Bailey,* 60 Cal.App.2d 291, 296 [3] [140 P.2d 693]; *Johnston* v. *Johnston,* 33 Cal.App.2d 90, 92 [91 P.2d 142]; *Marshall* v. *Marshall,* 196 Cal. 761, 765 [2] [239 P. 36].)

■ In the present case it was stipulated by the parties that defendant should have the real property located at 807 East 103d Street, Los Angeles, and that the only issue for the court to determine was the amount of the money interest plaintiff should have in that property.

There was evidence that the value of the property was $7,500. There were two trust deeds against the property totaling $5,902.25. The community interest of the parties was thus $1,597.75, and one half of the community interest would be $798.87½. Therefore it is evident in awarding plaintiff $1,250 as her share of the community interest in the property the trial court awarded her a sum that was in excess of one half the value of the community property in accordance with the rule of law above stated.

Affirmed.

Moore, P. J., and Fox, J., concurred.