[Civ. No. 9038. Third Dist. July 16, 1957.]

ROSEMOND M. PHILLIPS, Appellant, v. GEORGE W. PHILLIPS, Respondent.

Reginald G. Hearn for Appellant.

Chamberlain & Chamberlain and T. L. Chamberlain for Respondent.

WARNE, J. pro tem.*—This is an appeal from an interlocutory decree of divorce and an order denying alimony pendente lite.

In 1945 the appellant wife obtained an interlocutory decree

*Assigned by Chairman of Judicial Council.

of divorce from respondent on the ground of extreme cruelty. At that time the parties entered into a property settlement agreement, under the terms of which appellant conveyed to respondent as his separate property her interest in a resort at Lake Tahoe which the parties owned and operated, and respondent executed and delivered to appellant a promissory note in the amount of $15,000 secured by a deed of trust on the resort property. On March 6, 1946, a final decree of divorce was entered. On May 22, 1946, the parties remarried and agreed in writing to cancel the property settlement agreement and hold all their property as community property. However, appellant did not thereafter cancel the note or cause a reconveyance to be made under the deed of trust but on July 19, 1948, filed this action for divorce on the ground of extreme cruelty. Respondent, by way of cross-complaint, sought an annulment or a divorce. After trial, the court found each to be guilty of extreme cruelty of substantially the same degree but held that neither was entitled to a divorce on the ground of recrimination. The Supreme Court held that the doctrine did not apply (*Phillips* v. *Phillips*, 41 Cal.2d 869, 877 [264 P.2d 926]), and reversed the judgment, the court declaring that ''On retrial, the court may determine whether one or both parties shall receive the divorce,'' and that the issues as to the validity of the property settlement agreement and the status of the property of the parties would ''be decided on the retrial of the cause.''

The parties disagree as to the effect of the reversal as to the issues to be retried. Appellant contends that the retrial was to be limited to those issues not determined at the first trial, that is, the property rights of the parties. On the retrial it was stipulated that all of the testimony introduced at the first trial of the action as set forth in the reporter's transcript would be received in evidence, and that either of the parties might offer such additional evidence as they desired. No additional evidence was offered by appellant as to the conduct of the parties. The respondent offered evidence of statements made by appellant during the first, as distinguished from the second, marriage of the parties. The statements were in effect that the appellant had only married respondent as a means of support for herself and daughter. The only other additional evidence presented was in respect to the property rights and the value thereof. The court found that the appellant was guilty of extreme cruelty and granted a divorce on that ground. It further found that it would be impossible to divide the community property in kind and therefore awarded it to

the husband subject to the payment by him of the sum of $17,500 awarded appellant, less any sum thereof paid on the above mentioned note executed by respondent pursuant to the property settlement agreement entered into at the time the parties were divorced in 1945. The order provided that in the event the note was not surrendered to respondent by the time of the entry of the final decree of divorce, the amount of the note with the accrued interest thereon is to be credited against the $17,500 awarded to appellant in lieu of any interest in the community property.

The appellant contends that the trial court was bound by its finding in the prior trial that respondent was guilty of extreme cruelty, since the evidence as to extreme cruelty was the same at both trials. She claims that such finding entitles her also to a divorce and an equal division of the community property since the Supreme Court, in its opinion, stated that the findings were supported by substantial evidence. We do not agree with appellant. It seems clear to us that the decision on the prior appeal was concerned simply with the matter of whether the doctrine of recrimination applied in the light of the facts as disclosed by the evidence. The mere fact that the prior decision held that there was sufficient evidence to support the findings of cruelty, does not mean that the court intended it to be the law of the case. A reading of the opinion reveals that the court did not hold that the evidence necessarily required a finding that each party was guilty of extreme cruelty as a matter of law. Had the Supreme Court so held, it would not have stated that, ''On retrial, the court may determine whether one or both parties shall receive the divorce.'' Except where the sufficiency of the evidence as a matter of law is involved, the doctrine of the law of the case does not give conclusive effect to a determination of questions of fact. As stated in *Moore* v. *Trott*, 162 Cal. 268, at page 273 [122 P. 462] : ''So well settled is the proposition that the doctrine of the law of the case, generally speaking, is applied only to the principles of law laid down by the court as applicable to a retrial of fact, that it does not embrace the facts themselves, . . . that no quotation from the authorities is necessary, . . .'' (See also *Wallace* v. *Sisson,* 114 Cal. 42, 43 [45 P. 1000] ; *Robinson* v. *Thornton,* 114 Cal. 275 [46 P. 79] ; *Allen* v. *Bryant,* 155 Cal. 256, 258 [100 P. 704] ; and *McNeely* v. *Connell,* 87 Cal.App. 87 [261 P. 754].) On the retrial of the case the trial court had the right to reconsider the credibility of the witnesses, weigh their testimony and

arrive at a different conclusion. ■ It is only where the sufficiency of the evidence to sustain the judgment depends upon the probative value or effect of the evidence itself (as distinguished from the credibility of witnesses), and there is no substantial difference in the evidence in the retrial, that the former decision is the law of the case. (3 Witkin on Procedure, § 213, p. 2424, citing *Estate of Baird*, 193 Cal. 225 at 234 [223 P. 974], and many other cases.) "But where the sufficiency depends upon credibility of witnesses, . . . it has been held that the former decision may not be law of the case though the evidence is substantially the same." (3 Witkin on Procedure, *supra*, p. 2425, citing cases.)

■ Nor is there any merit in appellant's contention that the court abused its judicial discretion in not finding that respondent was guilty of extreme cruelty. We have carefully examined the entire record to determine the conduct of the parties, and conclude that a finding that either party was, or was not, guilty of extreme cruelty would have ample support in the record, depending upon the weight which the trial judge gave to the testimony of witnesses. There is also substantial evidence to sustain the finding of the trial court that the appellant, without cause or provocation, inflicted grievous mental suffering upon the respondent. ■ "Whether in any given case there has been inflicted . . . 'grievous mental suffering' is a pure question of fact, to be deduced from all the circumstances of each particular case, keeping always in view the intelligence, apparent refinement, and delicacy of sentiment of the complaining party; and no arbitrary rule as to what particular probative facts shall exist in order to justify the finding of the ultimate facts of its existence can be given." (*LaMar* v. *LaMar*, 30 Cal.2d 898 [186 P.2d 678].)

■ Appellant next contends that the trial court committed prejudicial error in determining the value of the community property assets. While the evidence as to the value of the assets is conflicting, still there is substantial evidence to sustain the court's finding as to value. The court, having concluded to grant the divorce to the respondent, acted within its legal discretion under the circumstances in awarding the appellant $17,500 in lieu of any other interest in the community property. It is not necessary for the court to do more than it did with reference to the community property. As stated by this court in *Thompson* v. *Thompson*, 136 Cal.App.2d 539, at page 541 [288 P.2d 932] : "It was for the trial court to assign the community property in such propor-

tions as it deemed just under all the circumstances. (Civ. Code, § 146, subd. 1.) It was not necessary that it be evenly divided. Since the trial court held appellant was not entitled to a divorce, the respondent was the 'innocent' party and could be awarded more than one-half of the community property.'' (Citing *DeBurgh* v. *DeBurgh,* 39 Cal.2d 858, 873 [250 P.2d 598].) Nor was there any need to find as to the specific value of each item of the property. (*Pope* v. *Pope,* 102 Cal.App.2d 353 [227 P.2d 867].) ''Under various circumstances, an award of money to the wife in lieu of her interest in the real and personal property of the community has been sustained.'' (*Johnston* v. *Johnston,* 33 Cal.App.2d 90, 92 [91 P.2d 142], and cases cited therein.) In the instant case the court viewed the Sandy Beach Resort property and concluded that it could not be divided without depreciating the whole. Under the circumstances we cannot say that the trial court abused its discretion in so holding.

The appellant next contends that the court committed prejudicial error in not requiring respondent to account to her for the proceeds of the community property from July 11, 1948, to the date of the trial. There is no merit in this contention. The record discloses that the books and accounts were made available to appellant's counsel and the appraisers selected by her. It further appears that these books and accounts and the income tax returns were actually examined by appellant's witness Willmette for her. Also respondent was called as a witness under the provisions of section 2055 of the Code of Civil Procedure and examined at considerable length with reference to the community assets and the earnings therefrom. It seems to us that the community funds and the profits from the resort business were amply accounted for at the trial.

Lastly appellant contends that the trial judge was biased and prejudiced against her and her counsel, and in addition thereto committed acts of prejudicial misconduct with the result that appellant was deprived of a fair trial. This contention is so lacking in merit that we do not feel called upon to discuss the many claimed assignments of prejudice and judicial misconduct.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied August 12, 1957, and appellant's petition for a hearing by the Supreme Court was denied September 11, 1957.