[Civ. No. 9158.   Third Dist.   Nov. 6, 1958.]

FERN T. DALLMAN, Plaintiff and Appellant, v. LLOYD H. DALLMAN, Defendant and Appellant.

John J. Brannely and Roy A. Sharff for Plaintiff and Appellant.

Desmond, McLaughlin & Russell and David Livingston for Defendant and Appellant.

WARNE, J. pro tem.*—■ A rehearing was granted in order that this court might consider the effect of an order made by the trial court subsequent to the notice of appeal supplementing the interlocutory decree of divorce. The order purported to authorize the encumbrance by the defendant of the community interest of the parties in certain real property held in the name of a partnership in which they had a community interest, and to distribute the proceeds thereof between the parties. No appeal was taken from such order, however, the effect thereof in relation to the disposition of the community property is discussed and considered by the parties in their briefs. Section 946 of the Code of Civil Procedure provides that an appeal, when "perfected" stops all further proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein. (See also Code Civ. Proc., § 949.) There can be no question in the instant case that the purported order dealt with the subject matter of the judgment and affected the rights of the parties. Necessarily, therefore, the trial court lost all jurisdiction of the case by virtue of the appeal and could not reinvest itself with jurisdiction by reason of the consent of the parties. (See *Rosenberg* v. *Bullard*, 2 Cal.App.2d 118 [37 P.2d 521]; *Parkside Realty Co.* v. *MacDonald*, 167 Cal. 342, 346 [139 P. 805]; *Kinard* v. *Jordan*, 175 Cal. 13 [164 P. 894]; *Linstead* v. *Superior Court*, 17 Cal.App.2d 9 [61 P.2d 355]; *Vosburg* v. *Vosburg*, 137 Cal. 493 [70 P. 473]; *Sacks* v. *Superior Court*, 31 Cal.2d 537, 540 [190 P.2d 602]; and 3 Cal. Jur.2d, Appeal and Error, § 191.) It follows that since the

*Assigned by Chairman of Judicial Council.

purported order was void and is not a part of the record in the appeal now pending before this court, we can neither consider the same nor the effects thereof.

Both parties have appealed, but neither questions the propriety of the interlocutory decree of divorce which was granted to plaintiff upon the grounds of extreme cruelty and adultery. Otherwise the decree, insofar as material to defendant's appeal, provides that plaintiff shall have judgment against the defendant for the sum of $396,651.25 in lieu of her interest in the community property to be paid as follows: $50,000 upon the entry of the interlocutory decree; the further sum of $50,000 on or before 90 days from the entry of the interlocutory decree; the further sum of $75,000 on or before 180 days after the last payment of $50,000; the further sum of $75,000 on or before 180 days after the date of the last preceding payment; the balance, if any remaining, to be paid on or before 180 days after the date of the last preceding payment; that if any of said payments be not paid at the time specified, such payments shall bear interest at the rate of five per cent per annum compounded semiannually; also, that on the payment of $396,651.25, defendant shall hold as his sole and separate property all of the community property not awarded to plaintiff by the judgment in this case.

The property specifically awarded to plaintiff consisted of an interest in the contract of purchase covering two lots of land at Apple Valley, California; a 1951 Buick Roadmaster automobile; and certain jewelry, clothing, furs, and other articles of a personal nature worn or used by plaintiff and in her possession and under her control which the court found to be valued at $12,348.75. The particular property awarded to defendant consisted of a ranch appraised at $71,231.63; life insurance policies having a cash surrender value of $5,698.94; and a bank account in the sum of $11,000, or a total of $87,930.57. The court found the value of the community property to be $800,000. The principal asset consisted of a 22 per cent interest in a partnership, the Dallman Supply Company, which in turn owned all of the capital stock of a corporation known as the Dallman Company. A lien was imposed upon the partnership interest in the Dallman Supply Company and all other community property of the parties to secure the payment by defendant of the $396,651.25 to plaintiff. The decree also allowed $30,000 additional attorney fees to plaintiff's attorneys, and the sum of $12,986.55 to plaintiff as a further allowance for costs and expenses of

maintaining and defending this action. It further ordered that said attorney fees and costs should be paid out of the community property awarded to the defendant. In addition to the above, the decree provides for the payment of alimony to plaintiff until defendant shall have paid $100,000 to her. It is apparent that the court endeavored to divide the property between the parties on the basis of 51 per cent thereof to the wife and the remaining 49 per cent to the husband.

Defendant has appealed from the decree except insofar as it awards plaintiff a divorce. Plaintiff appeals from that portion of the judgment which provides that if the defendant fails to make any of the required payments at the time specified, such payments shall thereafter bear interest at the rate of five per cent per annum compounded semiannually, it being her contention that the judgment should bear interest at the rate of seven per cent.

Defendant first contends that the trial court exceeded its jurisdiction in entering a judgment requiring him to pay cash for his wife's share of the community property; and second, that aside from the lack of power to award a money judgment, the trial court's action in so doing constituted an abuse of discretion. Although we have concluded to make a different disposition of the community property for reasons hereinafter stated, we do not agree with either contention.

An award of money in lieu of a specific interest in community property is a proper method of distribution of the property and is a matter to be determined in the sound discretion of the trial court. (*Webster* v. *Webster*, 216 Cal. 485, 488 [14 P.2d 522]; *Bailey* v. *Bailey*, 60 Cal.App.2d 291 [140 P.2d 693]; *Pope* v. *Pope*, 102 Cal.App.2d 353, 372 [227 P.2d 867]; *Clark* v. *Clark*, 130 Cal.App.2d 685 [279 P.2d 822]; *Phillips* v. *Phillips*, 152 Cal.App.2d 582, 587 [313 P.2d 630]; *Wuest* v. *Wuest*, 72 Cal.App.2d 101, 110 [164 P.2d 32].)

Defendant next contends that the trial court had no power to require the payment of any sum of money nor to determine the value of the community property prior to the final decree. The case of *Wilson* v. *Wilson*, 76 Cal.App.2d 119, 132 [172 P.2d 568], is an answer to defendant's contention and a solution of the problem. We quote therefrom. "In the present case we are faced with the problem expressly left open in the Leupe case. Here the appeal is from the interlocutory decree. In *Remley* v. *Remley*, 49 Cal.App. 489 [193 P. 604], and *Strupelle* v. *Strupelle*, 59 Cal.App. 526 [211 P. 248], and by

820

implication in other cases (see *Peis* v. *Mohr*, 126 Cal.App. 300 [14 P.2d 878]; *Abbott* v. *Superior Court*, 69 Cal.App. 660 [232 P. 154]; *Webster* v. *Webster*, 216 Cal. 485 [14 P.2d 522]), it has been held to be error to make a present and absolute disposition in the interlocutory. It would appear that a proper solution of this problem would be to hold that the interlocutory may make a present disposition of the community property, but that the title thus conveyed is limited and conditional until the entry of the final decree. . . . In the present case it was, of course, proper for the trial court to determine in its interlocutory the status of the property and how it ought to be assigned upon the entering of the final decree.'' █ In the present case justice will be best served by amending the decree so as to provide that the disposition of the property and the judgment relating thereto shall become effective upon the entry of the final decree.

█ It is next contended by defendant that the trial court erred in finding that all of the property involved in the case was community property, and that its value immediately prior to the date of trial was $800,000. The findings concerning these matters were based upon conflicting evidence, and the factual issues have been determined adversely to the defendant. The record in the case is a lengthy one, consisting of over 3,000 pages of transcript and 256 exhibits. No good purpose would be served by detailed statements of the evidence. Suffice it to say we have carefully examined the record and find that there is substantial evidence to sustain the trial court's determination respecting the character and value of the property. Where the defendant argues as a ground for reversal of the judgment the insufficiency of the evidence to sustain the findings, such contention requires him to demonstrate that there is no substantial evidence to support the general findings. █ As stated in the oft-cited case of *Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183] : ''. . . the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusions reached by the jury. █ When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its determinations for those of the trial court.'' (See also *Raggio* v. *Mallory*, 10 Cal.2d 723, 725 [76 P.2d 660]; *Fischer* v. *Keen*, 43 Cal. App.2d 244, 248 [110 P.2d 693]; *Laherty* v. *Connell*, 64 Cal. App.2d 355, 357 [148 P.2d 895]; *Wuest* v. *Wuest, supra.*)

Although the record herein amply supports the conclusion of the trial court as to the character and value of the property, we do not approve of the manner of disposition thereof as set forth in the decree. ■ Under the provisions of Civil Code, section 148, ''. . . this court has the power to revise the trial court's disposition of community property upon the granting of a divorce, even in cases where the trial court's action does not amount to an abuse of discretion.'' (*Nelson* v. *Nelson*, 100 Cal.App.2d 348, 351 [223 P.2d 636]; *Hill* v. *Hill*, 150 Cal. App.2d 34, 35, 36 [309 P.2d 44].)

■ In the present case, the defendant is faced with a money judgment of more than $395,000, which, according to the provisions of the decree, he must pay in less than two years. In view of the record, the question immediately arises as to how the defendant can satisfy such a judgment, under the provisions set forth in the decree, from any source indicated by the record. The judgment in effect requires him to buy his wife's community interest in the partnership which in turn owns the corporation. Hence, he has no shares of stock to sell. For all practical purposes his only means of satisfying the judgment is to obtain money from the partnership, but again it appears from the record that this cannot be done. The record in this regard shows that the corporation has, from time to time, since 1950, been heavily indebted to the Wells Fargo Bank, and at the time of the hearing the indebtedness amounted to $850,000. It also appears as pointed out by counsel for defendant, that in 1950 the partnership executed a written guarantee of the company's debt; that this was superseded by a similar guarantee dated February 24, 1954; that the partnership had advanced $500,000 to the corporation and that, by an agreement executed by the partnership, its claim is subordinate to that of the bank. Additionally, there was testimony by a bank official that there was no way in which the Dallman organization, i.e., both the corporation and the partnership, could obtain the sum of $400,000 in cash (the amount of the judgment); that for this purpose the bank would not permit the sale of any real estate belonging to the partnership unless it could be satisfied that funds in an equivalent amount could be accumulated by the organization, and that on the basis of its current operating record, which shows large losses, there was no way in which the money could be so accumulated. There was also proof that the Dallman share of the partnership cannot be liquidated. Defendant's interest therein is 22 per cent. The remainder is owned by a

brother and a sister, and four trusts which were created by defendant's mother for the benefit of her grandchildren and to which she transferred her 25 per cent of the partnership. Such being the state of the record, it obviously appears that the defendant is in no position to satisfy this judgment as ordered. Further, if the judgment is permitted to stand, and a levy and execution were to issue, it might well wreck the business, leaving the defendant with no assets whatsoever. It is not the intent of the law, even though defendant be guilty of extreme cruelty and adultery, that he be punished in the division of property. Under the facts in this case it seems far better that there be some division in kind of the 22 per cent community property interest in the copartnership so that the financial difficulties may in the long run work out for the best interests of all concerned. Hence we have concluded that the decree should be modified in accordance with the views herein expressed.

In so doing we must accept the various values as found by the trial court, since such were all questions of fact presented for the trial court's determination based upon conflicting testimony. In other words, we have accepted the $800,000 valuation placed upon the community property. We have also taken into consideration the $71,231.63 appraised value of the real property (the ranch home) awarded to the defendant; the $5,698.94 cash surrender value of certain life insurance policies upon the life of defendant awarded to defendant; the value of the defendant's 22 per cent interest in the partnership as determined by the trial court; the $11,000 bank deposit which the defendant received; and the property of the value of $12,348.75 which the plaintiff received.

Using round figures, rather than the exact amounts as found by the trial court, the record discloses that the defendant was awarded property of the value of approximately $88,000 and that plaintiff was awarded property valued at slightly less than $13,000, or a difference of approximately $75,000. But since such property has already been taken over by the respective parties, and since we have concluded the decree should be modified, it would appear equitable that defendant should pay to plaintiff an amount which would equalize such division, or the sum of $50,000 and the balance represented by the partnership interest divided equally between them. This would carry out the percentage division of the property, the result being that plaintiff would receive approximately $412,000 and defendant $388,000 of the $800,000

valuation of the community interest as found by the trial court.

It should be further noted that in revising this award, we are not too concerned if the award to plaintiff exceeds the 51-49 per cent division attempted by the trial court. ▮ The rule is too well established to warrant citation of authority that when a divorce is granted on the grounds of extreme cruelty or adultery the innocent spouse must be awarded more than one half of the community property. What the percentage may be is left to the sound discretion of the trial court in the first instance, and when on appeal the award is changed by the reviewing court, the division is likewise a discretionary matter.

It is therefore ordered that the decree and judgment, insofar as it makes an award of $396,651.25 to plaintiff, and the provisions for the payments of said amount in installments together with interest on any delinquent amounts, be vacated and set aside. In lieu thereof, this court orders that the community property be awarded as follows: To the plaintiff: (a) all interest of any of said parties under a contract of purchase covering two lots at Apple Valley, California; (b) a Buick Roadmaster automobile; (c) all jewelry, clothing, furs and other articles of a personal nature worn or used by plaintiff; (d) a 50 per cent interest in the 22 per cent of the community partnership interest in the copartnership known as the Dallman Supply Company; (e) and that plaintiff shall have judgment against the defendant for the further sum of $50,000, said sum to be paid within 60 days from the date of filing of this opinion, with interest at the legal rate of seven per cent per annum from the date of the entry of the interlocutory decree. It is further ordered that the defendant be awarded the remaining 50 per cent of the 22 per cent community interest in the copartnership known as the Dallman Supply Company and all other community property of the parties not awarded to the plaintiff by the judgment in this case. This division of the community property is intended to be and is fixed as of the date of the interlocutory decree; that is, January 12, 1956, but the title thus conveyed is limited and conditional until the entry of the final decree herein.

▮ Since the award in this case is being vacated and revised, and legal interest at the rate of seven per cent per annum is being allowed on the money portion of the award, the question concerning the rate of interest allowed on the judgment as entered by the trial court now becomes moot.

Defendant's application to produce additional evidence is denied.

As modified the judgment is affirmed. Each party is to suffer his or her own costs on appeal.

Van Dyke, P. J., and Peek, J., concurred.

Petitions for a rehearing were denied December 1, 1958.