WARNS, J. pro tem.*
In a previous appeal in this case by the defendant this court modified the interlocutory decree of divorce only insofar as it divided the community property. In that appeal the defendant did not attack his wife’s right to a divorce, and the judgment with the exception as above noted was affirmed. (Dallman v. Dallman, 164 Cal.App.2d 815 [331 P.2d 245].) Upon the filing of the remittitur in the trial court plaintiff moved for entry of a final decree of divorce and served notice upon defendant. Defendant objected to the entry of the final decree in the form proposed and submitted his own proposed form which recited that he had partly carried out the terms of the interlocutory decree as modified on appeal. While the plaintiff’s motion for entry of the final decree was pending, the defendant filed a motion under the *28 provisions of section 675 of the Code of Civil Procedure to compel plaintiff to acknowledge partial satisfaction of the terms of the interlocutory decree as modified on appeal. The. trial court ruled that the question of whether defendant had partially performed the terms of the interlocutory decree as modified was a question independent of the plaintiff’s right to have a final decree entered. It accordingly ordered that the final decree as presented by plaintiff could be entered forthwith, except that the following was added thereto: “[T]hat this court has made no determination of the question of whether defendant has partially performed any provisions of the interlocutory decree as modified on appeal and as incorporated herein after said modification on appeal. ’ ’
The final decree other than containing the above addition thereto and a provision reserving jurisdiction over the cause to determine controversies between the parties which may arise under said interlocutory decree simply ordered “that plaintiff be and she is hereby granted a final judgment of divorce from defendant and that the bonds of matrimony between plaintiff and defendant be, and the same are, dissolved. ’ ’ All terms and provisions of the interlocutory decree as modified on appeal, with the opinion of this court attached thereto, were made a part of the final decree by reference.
Appellant contends that the final decree of divorce should have contained a finding based upon the uncontradicted affidavit of his attorney that the sum of $50,000 had been paid to respondent during the interval between the interlocutory and the final decree. Thus the question on this appeal is whether the trial court may grant a final decree of divorce to a plaintiff who is admittedly entitled to the same without first ruling upon collateral issues raised by the defendant. We have concluded that the trial court properly ordered the entry of the final decree of divorce and postponed until a later date the motion to enter a partial satisfaction of the judgment.
Section 132 of the Civil Code provides that when one year has expired after entry of the interlocutory decree the court on motion of either party, or on its own motion, may enter the final judgment granting the divorce. Where as in the instant case there has been no reconciliation, nor have any facts occurred subsequent to the interlocutory decree showing fraud or mistake, a right to a final divorce decree dissolving the bonds of matrimony is mandatory. (Ringel v. Superior Court, 54 Oal.App.2d 34 [128 P.2d 558], and eases cited therein.)
*29 We deem it unnecessary to discuss the many other collateral questions presented on this appeal.
The judgment is affirmed.
Peek, Acting P. J., and Schottky, J., concurred.
Appellant’s petition for a hearing by the Supreme Court was denied May 11, 1960.

 Assigned by Chairman of Judicial Council.