**Robert R. CLAUNCH, Plaintiff-Appellant,**

v.

**Laura B. CLAUNCH,
Defendant-Respondent.**

No. 9721.

Missouri Court of Appeals,
Springfield District.

June 27, 1975.

Ted M. Henson, Jr., Poplar Bluff, for plaintiff-appellant.

No appearance for defendant-respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

This action for dissolution of marriage was instituted by plaintiff-appellant Robert R. Claunch against his wife Laura B. Claunch, defendant-respondent.

Although the action was commenced prior to January 1, 1974, it is governed by §§ 452.300 to 452.415,[1] the date of the judgment being March 12, 1974. Section 452.-415 (par. 2) provides, in part, "Sections 452.-300 to 452.415 apply to all pending actions and proceedings commenced prior to January 1, 1974 with respect to issues on which a judgment has not been entered. . . ." Appellant presents two points, both of which pertain to that portion of the decree which deals with "marital property."

The parties were married on March 1, 1956. In 1970 they entered into a contract to purchase nine acres of land situated in Ripley County, Missouri. The contract required them to pay the purchase price in monthly installments and required the sellers to convey clear title thereto upon completion of the payments. Their rights, as buyers, were expressly assignable.

Although each party was the recipient of pensions, the only assets of the couple were the contractual interest in the real estate, two mortgaged motor vehicles, some household goods, and some farm equipment. Both parties testified at the hearing. It was the testimony of appellant, not denied by respondent, that he had no bank account or any property "other than what has been mentioned."

The attacked portion of the decree required respondent to convey to appellant all of her interest in the land, required the appellant to pay respondent $4,750, and further provided that "upon said payment and conveyance said property shall be the sole property" of appellant.

Appellant's first assertion is "that the trial court did not have authority or jurisdiction to make such an order." The second assertion is that even if such authority or jurisdiction existed, there was not sufficient evidence to support its exercise. Neither point is valid and the judgment of the trial court is affirmed.

With five exceptions, none here applicable, § 452.330 (par. 2) defines "marital property" as "all property acquired by either spouse subsequent to the marriage." Section 452.330 (par. 3) provides, in pertinent part, "All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of coownership such as joint tenancy, tenancy in common, tenan-

1. Unless otherwise indicated, references to statutes are to RSMo 1969, V.A.M.S., and reference to rules are to Missouri Rules of Civil Procedure, V.A.M.R.

cy by the entirety, and community property. . . ."

Sections 452.300 to 452.415 were enacted in 1973 and became effective on January 1, 1974. The act does not contain any provision by which it accords itself a name. In the Nov.-Dec. 1973 Journal of the Missouri Bar, where it is the subject of several articles, the act is referred to as the "Divorce Reform Act" (p. 495) and "Modified No-Fault Divorce Reform" (p. 501). In this opinion it will be referred to as "the act."

Although, as indicated, the act defines "marital property," it does not define "property." But § 1.020 provides, in pertinent part, "As used in the statutory laws of this state, unless otherwise specially provided or unless plainly repugnant to the intent of the legislature or to the context thereof:

. . .

(8) 'Personal property' includes money, goods, chattels, things in action and evidence of debt; . . .

(11) 'Property' includes real and personal property;

(12) 'Real property' or 'premises' or 'real estate' or 'lands' is coextensive with lands, tenements and hereditaments; . . . ."

In 63 Am.Jur.2d 291 Property § 4, it is said: "Thus, the term 'property' is sufficiently comprehensive to include every species of estate, real and personal, and everything which one person can own and transfer to another. It extends to every species of right and interest capable of being enjoyed as such, upon which it is practicable to place a money value. As applied to lands, the term comprehends every species of title, inchoate or complete. It is supposed to embrace those rights which lie in contract—those which are executory as well as those which are executed."

"The relation of vendor and purchaser exists as soon as a contract for the sale and purchase of land is entered into. Equity regards the purchaser as the owner and the vendor as holding the legal title in trust for him." *Hernandez v. Prieto*, 349 Mo. 658, 162 S.W.2d 829, 831[2] (1942).

■ Accordingly the rights of appellant and respondent under the land contract constitute "property." The brief of appellant assumes, validly, that those rights are "marital property" because they were acquired subsequent to the marriage and none of the five exceptions, contained in § 452.-330 (par. 2), to the definition of "marital property" is factually applicable.

Section 452.330 (par. 1) provides, in pertinent part: "In a proceeding for . . . dissolution of the marriage . . . the court shall set apart to each spouse his property *and shall divide the marital property in such proportions as the court deems just* after considering all relevant factors including . . . ." The statute then sets forth four factors.

It is the position of appellant that the court lacked jurisdiction to enter the attacked portion of the decree. In effect, his claim is that the decree transcended the admitted authority of the court to "divide the marital property" in such proportions as the court deems just. In making this contention appellant does not rely upon the fact that he and respondent are merely holders of contract rights as distinguished from legal title holders to the land. Appellant's evidence was to the effect that at the time of the trial (the decree was entered one week later) the land had a value of $12,000 and that the balance due the sellers under the contract was "just less than $3,000 so that the equity is approximately $9,000." Appellant's brief deals with the situation as if he and respondent were the legal title holders and the land was subject to a mortgage in the amount of the unpaid purchase price.

Appellant states that the trial court "undoubtedly had the right to divide the property of the parties including the nine acres of land," and states further that the trial court could have awarded the land solely to the wife or solely to the husband or could have divided it in kind. Apparently it is the opinion of appellant that because the

marital property does not include money in the amount of $4,750, such a non-existent asset could not be the subject of division within the meaning of § 452.330 (par. 1).

Appellant's construction of the statute is too narrow. In view of the recent vintage of the statute, no Missouri decision has been found, by appellant or by this court, which construes the pertinent language of § 452.-330 (par. 1). The statute is somewhat modeled after § 307 of the "Uniform Marriage and Divorce Act." Section 307, in part, provides "(t)he court shall assign each spouse's property to him. It also shall divide the marital property, without regard to marital misconduct, in just proportions considering all relevant factors including . . ." Section 307 appears at p. 490 of Uniform Laws Annotated, Vol. 9, Master Edition. The Commissioners' note under § 307 sheds no light on the issue.

"If the divorce court is authorized or required to make a division of property or to recognize one spouse's title or equitable rights in property held by the other, the court need not actually divide the property between the parties but may award the property to one spouse and order that that spouse pay the other a sum in cash, especially where a division and transfer in kind is impracticable or does not bring about a fair and equitable result." 24 Am.Jur.2d 1068 Divorce and Separation § 934.

. . . "A divorce court has authority to enter a judgment for money as a part of a settlement of property rights, and may set aside all the property to one party and require such party to pay a proper sum of money to the other . . .." 27B C.J.S. Divorce § 292(1), p. 268.

Foreign authorities support the proposition that a divorce court, acting under the authority of the statute authorizing it to divide community property, may order either party to pay a cash sum to the other[2] even if there be no cash to be divided.[3]

It is to be noted that the instant decree does not contain language by which the decree itself purports to effectuate the transfer to the husband of the wife's interest in the land.[4] Instead it orders the wife to convey to appellant her interest in the land and orders appellant to pay her $4,750.

■■ This court holds that the power given the trial court by § 452.330 (par. 1) to "divide the marital property" includes the powers necessary to render effective the power to divide.[5] Here the appellant and

2. *Carson v. Carson*, 50 Haw. 182, 436 P.2d 7 (1967); *Dallman v. Dallman*, 164 Cal.App.2d 815, 331 P.2d 245 (1958); *In Re Marriage of Jackson*, 506 S.W.2d 261 (Tex.Civ.App. 1974); *Kressly v. Kressly*, 77 S.D. 143, 87 N.W.2d 601 (1958); *Abrams v. Abrams*, 124 Colo. 1, 232 P.2d 742 (1951); *Johnston v. Johnston*, 33 Cal.App.2d 90, 92, 91 P.2d 142 (1939); *Hooker v. Hooker*, 95 Idaho 518, 511 P.2d 800 (1972); *Thompson v. Thompson*, 82 Wash.2d 352, 510 P.2d 827 (1973).

3. *Brunell v. Brunell*, 494 S.W.2d 621 (Tex. Civ.App.1973); *Weaks v. Weaks*, 471 S.W.2d 454 (Tex.Civ.App.1971).

4. The following language appears in the Nov.-Dec. 1973 issue of the Journal of the Missouri Bar, Vol. 29, No. 8, p. 513: "Therefore, if the proceedings are properly conducted and the language of the decree is sufficient, the decree itself conveys title to real and personal property in Missouri."

5. In *State v. Donnell*, 349 Mo. 975, 163 S.W.2d 940, 943[2] (banc 1942) it is said: " 'It is elementary that what is implied in a statute is as much a part of it as what is expressed. *Wilson County v. [Third] National Bank*, 103 U.S. 770–778, 26 L.Ed. 488; *City of Little Rock v. United States* [8 Cir.], 103 F. 418, 420, 43 C.C.A. 261. It is also elementary that, when a power is conferred by statute, everything necessary to carry out the power and make it effectual and complete will be implied.'

"[2] To the same effect is the case of *United States v. Kelly*, 2 Cir., 55 F.2d 67, 83 A.L.R. 122, also relied upon by relator. We, also, have announced this rule of law. In the case of State ex rel. *Wahl et al. v. Speer et al.*, 284 Mo. 45, 223 S.W. 655, loc. cit. 660, we said: 'The rule for interpreting statutes, that a power given carries with it, incidentally or by implication, powers not expressed, but necessary to render effective the one that is expressed, * * *.'

"We have also held that which is implied in a statute is as much a part of it as what is expressed."

See also *Smith v. Carnes*, 478 S.W.2d 5, 7 (Mo.App.1972).

respondent were personally subject to the jurisdiction of the trial court, and the land was similarly subject. No doubt, in other cases, involving land not subject to the jurisdiction of the trial court, the technique which was resorted to here may be the only method of implementing the division of the marital property.[6] The division of some categories of personal property may require the court to order one or both of the parties to perform certain acts necessary to effect a transfer.

■ This court concludes that the trial court did have jurisdiction, under § 452.330 (par. 2), to enter that portion of the decree which is under attack.

In considering appellant's second contention that there was not sufficient evidence to support the entry of the attacked portion, this court reviews the case upon both "the law and the evidence as in suits of an equitable nature," giving due regard to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01 (par. 3).

In dividing the marital property "in such proportions as the court deems just," § 452.-330 (par. 1), the trial court must consider "all relevant factors including:

(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home

or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage."

It was the testimony of appellant that the personal property of the parties had an aggregate value of approximately $500. The decree permitted each of the parties to retain that portion of the personal property then in their respective possessions. The maintenance order, entered pursuant to § 452.335 and concerning which there is no complaint, required appellant to pay respondent $50 per month for her support.

At the time of the trial appellant was 54 and respondent was 57. They separated on January 1, 1973, at which time they had been married almost 17 years. By reason of physical disabilities, neither is able to work. Appellant receives monthly a veteran's pension of $476 and a social security pension of $146. Respondent receives monthly a social security pension of $118.80. Prior to the dissolution she received a veterans' administration payment of $50 per month but that ended on dissolution. Respondent testified that she needed $150 per month for her support but, as indicated, the court awarded her only $50 for that purpose. Appellant testified that 50% to 60% of the payments applied to the land contract had been made by him, and respondent made the other payments. There was no testimony concerning the conduct of the parties during the marriage.

■ The application of the factors mentioned in § 452.330 (par. 3) cannot be accomplished by the utilization of a mathematical formula. Respondent made a substantial

**6.** See 34 A.L.R.3d 962 "Power of Divorce Court to Deal With Real Property Located in Another State." At p. 968 it is said: "It has been generally held that a divorce court in one state does not have the power directly to affect, by means of its decree, the title to real property situated in another state." At p. 975 it is said: "On the basis of the principle that a court of equity, acting pursuant to its personal jurisdiction over a party, may order the party to perform such acts as executing conveyances or releases with respect to out-of-state real property and may compel compliance with the order by such means as contempt proceedings or attachment, it has been generally held that a divorce court in one state has the power indirectly to affect real property in another state by means of an in personam decree operating upon a party over whom the court has personal juridiction."

contribution to the acquisition of the marital property. Although the economic circumstances of appellant are not affluent, those of respondent are even less desirable. Appellant does not contend that the division of the marital property, in the manner ordered, may not be accomplished by reason of the marketability or loan value of the land. If subject to any valid criticism, the decree may not have been generous enough to respondent. Certainly it is not vulnerable to appellant's complaint that the evidence is insufficient to support the mode of division.

The judgment is affirmed.

All concur.