Larry Lee SMITH, Petitioner,

v.

William K. CARNES, Sheriff of Jackson County, Missouri, Respondent.

No. KCD 26093.

Missouri Court of Appeals, Kansas City District.

March 2, 1972.

William E. Erdrich, Willard B. Bunch, Chief Defender, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for petitioner.

CROSS, Judge.

Alleging that he is illegally restrained in the custody of William K. Carnes, Sheriff of Jackson County, by confinement in the jail of aforesaid county, petitioner Larry Lee Smith prays of this court issuance of a writ of habeas corpus, inquiry into the cause of his detention, and restoration to his liberty. He pleads that his confinement is unlawful because he is being held to answer a charge of violating probation granted him following criminal conviction, notwithstanding (so he avers) "the maximum length (of time) allowed for probation" had expired prior to his restraint and confinement.

Facts here stated appear from the petition and the official records of the Jackson County Circuit Court. On January 12, 1970, in the Circuit Court of Jackson County, petitioner entered a plea of guilty to the charge of riding in a stolen motor vehicle, an offense defined as a misdemeanor by V.A.M.S. Sec. 560.175. Thereupon petitioner was sentenced to imprisonment in the county jail for a term of one year. On the same day, January 12, 1970, the court suspended execution of petitioner's sentence and placed him on probation, under supervision of the Missouri State Board of Parole and Probation, for the specific term of two years duly stipulated in the court's order of record.

On December 22, 1971, pursuant to complaint by the Board that petitioner had violated certain conditions of his probation, and upon the Board's recommendation, the court extended the term of petitioner's probation to January 12, 1973. On February 3, 1972, a warrant issued for the arrest of petitioner for alleged violation of conditions of his probation, pursuant to which, on the same day, he was taken into custody and held in the county jail by sheriff Carnes, subject to order of the court having jurisdiction of petitioner's probation.

Petitioner submits that the court's extension of his probation for a term of one year in addition to the originally stipulated term of two years is illegal and void, in that such action is contrary to provisions of V.A.M.S. 549.071. He insists that the only legally sanctioned probationary period the court had imposed was the original two year term. Therefore, he argues, that term having expired January 12, 1972, he was henceforth relieved of obligation or duty on its account and his subsequent arrest and confinement were unlawful. The merits of this contention rest upon an interpretation of V.A.M.S. 549.071, which reads as follows:

"1. When any person of previous good character is convicted of any crime and commitment to the state department of correction or other confinement or fine is assessed as the punishment therefor, the court before whom the conviction was had, if satisfied that the defendant, if permitted to go at large, would not again violate the law, may in its discretion, by order of record, suspend the imposition of sentence or may pronounce sentence and suspend the execution thereof and may also place the defendant on probation upon such conditions as the court sees fit to impose. The probation shall be for a specific term which shall be stipulated in the order of record. In the case of a felony offense no probation under this chapter shall be granted for a term of less than one year, and no probation shall be granted for a term of longer than five years. In the case of a misdemeanor offense on probation shall be granted for a term of longer than two years. The court may extend the term of the probation, but no more than one extension of any probation may be ordered.

2. The courts, subject to the restrictions herein provided, may, in their discretion, when satisfied that any person against whom a fine has been assessed

or a jail sentence imposed, will, if permitted to go at large, not again violate the law, parole the defendant upon such conditions as the court sees fit to impose."

The gravamen of petitioner's submission is that the sentence "In the case of a misdemeanor offense no probation shall be granted for a term of longer than two years" sets a limit of two years upon the entire period of probation, inclusive both of the original term set by the court and any subsequent extension thereof ordered by the court. We do not believe that the above quoted statute, considered in its entirety, is susceptible of such interpretation. In successive and progressive order, the statute sets forth a series of conditions to be observed and acts to be done by the court when it places a defendant on probation. We attach major significance to the mandate upon the court that when probation is granted, "The probation shall be for a specific term which shall be stipulated in the order of record." Immediately next following that provision, the statute sets out the range of permissible terms of probation in cases of felony, as well as in misdemeanor cases. As for the latter, the statute provides, "In the case of a misdemeanor offense no probation shall be granted for a term of longer than two years." We consider that provision to be addressed to the court as a directive to be followed in deciding the length of the "specific term which shall be stipulated in the order of record" (meaning the original term of probation set by the court at the time probation is granted), and *as a limitation of time referable thereto*. Thus, in misdemeanor cases, the court in its discretion is specifically authorized by the statute to set the original "specific term" of probation at two years but not for a longer period.

Only after having so empowered the court to impose a two year term of proba-

tion in the first instance does the pertinent statute reach the subject of extension. In the last sentence thereof it is provided, "The court may extend the term of the probation, but no more than one extension of any probation may be ordered." We will not qualify or nullify that grant of authority by reading into it a proviso that if the original term of probation has been set at the statutory maximum, the court has thereby exhausted its power to further extend the probation. In our opinion such a result was not intended by the legislature. We interpret Section 549.071 to mean that in all criminal cases wherein probation in the first instance has been lawfully granted (inclusive of cases in which the original term is granted for the *maximum* period of time allowed by the statute), the court has the additional power, delegated in express terms, to "extend the term of the probation", but may order no more than one extension.

■ The statute does not expressly impose any limitation of time, either minimum or maximum, for which an extended term may be ordered. However, inasmuch as the legislature has seen fit to limit the length of the *primary* original term, both minimally (in cases of felony only) and maximally (as to both felonies and misdemeanors), it reasonably follows that it also intended to limit the duration of the *ancillary* extended term. We consider it to have been the legislature's intention, clearly implicit from the statute itself, that the limiting dimensions of time applicable to an extended term be the same as those applying to and governing the duration of an original term of probation,[1] and that consequently, in a misdemeanor case, the court is authorized to order one extended term for as long as but not to exceed the period of two years.

■ Petitioner's complaint that he is being held beyond the maximum length of

---

1. It is elementary that a power given by statute carries with it, incidentally or by implication, powers not expressed but necessary to render effective the expressed power and that which is implied in a statute is as much a part of it as what is expressed. See State v. Donnell, Mo.Sup., 349 Mo. 975, 163 S.W.2d 940 and cases cited.

time legally allowed for probation is not well founded. As appears from our foregoing analysis of Section 549.071, the permissible maximum total period of probation in misdemeanor cases would be four years if both the original term and an extended term were each set at the legal maximum of two years each.[2] In petitioner's case the court utilized the maximum of two years in granting the original term, but specified the extension for a term of only one year—a period less than the allowable maximum. As heretofore demonstrated, both terms were imposed pursuant to clear legal authority and are valid, viable orders of the court. Petitioner is now, and was at the time of his arrest and confinement, under a condition of legal probation, hence subject to accountability to the court for his alleged violations thereof. His petition for our writ of habeas corpus has not demonstrated his entitlement thereto and is consequently denied.

All concur.

2. In felony cases original probation may be granted for a specified term as long as five years. Section 549.071. Under our interpretation of that statute, an extended term of an additional five years may be ordered.