Larry Lee **SMITH**, Petitioner,

v.

William K. **CARNES**, Sheriff of Jackson County, Missouri, Respondent.

No. 57836.

Supreme Court of Missouri, En Banc.

June 5, 1972.

ed is whether § 549.071 limits the time during which a misdemeanant may be kept on probation to a total period of two years or if it permits the court to extend the initial probation by a length of time which, when added on to the initial term of probation, exceeds a total of two years.

Petitioner sought habeas corpus in the Missouri Court of Appeals, Kansas City District, and was denied relief. Smith v. Carnes, Mo.App., 478 S.W.2d 5. Thereafter petitioner filed a petition for writ of habeas corpus in this Court. We issued a show cause order directed to respondent to which respondent has duly filed his return. Production of the person of petitioner on the return date was waived. This Court has jurisdiction. Art. V, § 4, Const.Mo. 1945, V.A.M.S. as amended; S.Ct. Rule 91.01, et seq., V.A.M.R.

The facts are not in dispute. On January 12, 1970, petitioner entered a plea of guilty to a charge of riding in a stolen motor vehicle without the consent of the owner, an offense defined as a misdemeanor by § 560.175 and was thereupon sentenced to imprisonment in the county jail for a term of one year. However, at the time of sentencing and without petitioner being imprisoned, the court ordered that petitioner be paroled[2] for a period of two years to the Missouri State Board of Probation and Parole (hereafter "Board"). This two-year period would expire January 12, 1972. On December 21, 1971, upon recommendation of the Board, the court ordered that petitioner's probation be extended to January 12, 1973, which order, if valid, had the effect of keeping petitioner on probation for a period of three years.

On February 3, 1972, a warrant issued for the arrest of petitioner for alleged vio-

Willard B. Bunch, and William E. Erdrich, Legal Intern Legal Aid and Defender Society, Kansas City, for petitioner.

Joseph Teasdale, Pros. Atty., Jackson County, Kansas City, for respondent.

BARDGETT, Judge.

Habeas Corpus. The Court is called upon to construe § 549.071, RSMo 1969, V.A.M.S.,[1] which governs the granting of probation and parole by the courts designated in § 549.061 in which a person has been convicted of either a misdemeanor or felony. This case involves a misdemeanor conviction in the Circuit Court of Jackson County, Missouri, and the question present-

---

1. All statutory references are to RSMo 1969, V.A.M.S., unless otherwise indicated.

2. The words "probation" and "parole" have been used interchangeably in the records of this case; however, petitioner's status has been consistently considered to be that of one on "probation" under § 549.-071. The difference between "probation" and "parole" is not significant in this case because when a person is placed on parole under § 549.071(2) the limitations applicable thereto are the same as the limitations applicable to one placed on probation under § 549.071(1).

lation of conditions of his probation, pursuant to which petitioner was taken into custody and held in the county jail by respondent Carnes, Sheriff of Jackson County. On February 18, 1972, petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals, Kansas City District, and on March 2, 1972, petitioner was denied relief by that court. Smith v. Carnes, supra. On March 9, 1972, the circuit court held a hearing on the proposed probation revocation and on that date revoked petitioner's probation and ordered the one-year sentence imposed on January 12, 1970, executed. It is pursuant to this order that respondent is holding petitioner in custody.

It is petitioner's position that the time within which the court has authority to keep petitioner on probation is limited to a total of two years by the provisions of § 549.071, supra, and therefore the circuit court was without jurisdiction to enter the order of December 21, 1971, extending the probation for an additional one year, which would make the total time the petitioner would be on probation more than two years, to wit: three years.

If petitioner's position is correct, then the two-year period during which the court could continue petitioner on probation expired January 12, 1972, without there having been any authorized amendment, modification, extension or revocation of the original order of probation, and petitioner was entitled to an automatic absolute discharge from the probation and from the supervision of the Board as of January 12, 1972, and the court was required to so note by order of record. Such order operates as a complete satisfaction of the original judgment by which the jail sentence was imposed or suspended. § 549.111.

Sec. 549.071 provides:

"1. When any person of previous good character is convicted of any crime and commitment to the state department of correction or other confinement or fine is assessed as the punishment therefor, the court before whom the conviction was had, if satisfied that the defendant, if permitted to go at large, would not again violate the law, may in its discretion, by order of record, suspend the imposition of sentence or may pronounce sentence and suspend the execution thereof and may also place the defendant on probation upon such conditions as the court sees fit to impose. *The probation shall be for a specific term which shall be stipulated in the order of record. In the case of a felony offense no probation under this chapter shall be granted for a term of less than one year, and no probation shall be granted for a term of longer than five years. In the case of a misdemeanor offense no probation shall be granted for a term of longer than two years. The court may extend the term of the probation, but no more than one extension of any probation may be ordered.* [Emphasis ours.]

"2. The courts, subject to the restrictions herein provided, may, in their discretion, when satisfied that any person against whom a fine has been assessed or a jail sentence imposed, will, if permitted to go at large, not again violate the law, parole the defendant upon such conditions as the court sees fit to impose."

In 1963 the Seventy-second General Assembly repealed, inter alia, the then existing statutes relating to judicial paroles, which consisted of §§ 549.060 through 549.-190, RSMo 1959, V.A.M.S., and enacted in lieu thereof §§ 549.058 through 549.161, Mo.Rev.Statutes, Cum.Supp.1963, pp. 688–690. Sec. 549.071(1) as enacted in 1963 did not contain the provisions set forth in italics, supra. The italicized portion was added by amendment in 1967. Laws of Mo.1967, p. 668, S.B. 247. Between 1963 and 1967 there was no minimum period of probation or parole required with respect to persons convicted of a felony and there was no limitation as to the time during which a court could continue a person on probation or parole, whether he be a felon or misdemeanant, nor was the court required to designate the

specific term of probation or parole. These matters were the subject of the 1967 amendment to § 549.071, supra.

Placing a restriction on the time during which a court could continue a person on parole was not new to the Missouri General Assembly. Prior to 1963 the time within which a court could continue a person on parole following conviction of a misdemeanor was governed by § 549.140(1), RSMo 1959, which was first enacted in 1897 and remained unchanged, except for minor revisions, until repealed in 1963. Laws of Mo.1897, p. 71, H.B. 575. It provided that the initial parole not be for a longer period than two years from the date of parole, but then specifically provided that "if he shall have been the second time paroled *the time shall be counted from the date of second parole.*" [Emphasis ours.] Thus it appears that under the provisions of § 549.140(1), repealed in 1963, the court had the authority to set the initial period of parole at two years or less and at the expiration of the initial period to continue the person on parole for an additional period of two years or less, with the time limitation beginning at the date of the second parole and not at the date of the initial parole. The consequence of such a provision is that the total time the court was authorized to keep a person on parole before absolute discharge was required was four years.

Had the legislature intended to set the maximum time that the court could allow a misdemeanant to be on judicial probation or parole at four years, it would have employed language clearly evidencing such an intent as it had previously done in § 549.140(1), RSMo 1959 (repealed 1963). It was the provisions of § 549.140(1), RSMo 1959 (repealed) that required the two-year period to be counted from the extension, rather than from the date of initial probation or parole, that resulted in the court having the power to continue a misdemeanant on probation or parole beyond the initial allowable term of two years and thereby had the effect of making the total al-

lowable probation or parole to be four years. The provisions of the present law, § 549.071, RSMo 1969, do not provide that the time allowed to the court for keeping a misdemeanant on probation or parole is to be counted from the date of the extension of the initial period but, to the contrary, provide that the probation or parole itself cannot be for a longer period than two years. In short, the present law does not allow for the two-year limitation to commence to run at any point in time other than that point in time when the misdemeanant is first placed on probation or parole.

We hold that the provision in § 549.-071(1) prohibiting probation for a term longer than two years has reference to the total period of time that the court is authorized to keep a misdemeanant on probation and not merely to the initial period designated by the court at the outset of the probationary period. When a misdemeanant is granted probation or parole under the provisions of § 549.071, the total time during which the person can be kept on probation or parole is limited to a period of two years. The two-year period begins to run at the time such person is first placed on probation or parole following the conviction of the misdemeanor. The court may initially place a person on probation or parole for a term shorter than the two-year period and then extend the probation for a specific additional term; however, the total of both the initial term and the single extension thereof allowed by § 549.071 cannot exceed two years.

In the instant case the court placed petitioner on probation for a two-year period which expired January 12, 1972. The court was without jurisdiction to extend the period of probation beyond the total two-year period allowed by § 549.071 and, therefore, the order entered by the court on December 21, 1971, attempting to extend the term of petitioner's probation to January 12, 1973, was a nullity. On January 12, 1972, the petitioner completed the term of probation prescribed by the court,

and there having been no lawful order entered by the court amending, modifying, extending, or revoking the probation initially granted, the petitioner was automatically entitled to be absolutely discharged from the probation and from the supervision of the Board, and the court was required to so note by order of record. Such order operates as a complete satisfaction of the original judgment by which the jail sentence was imposed or suspended. Section 549.111.

Smith v. Carnes, Mo.App., 478 S.W.2d 5, is overruled.

Petitioner is entitled to be discharged from the custody of respondent. It is so ordered.

All of the Judges concur.