**JUAN G. TENORIO, Appellee**

v.

**ARWELL TENORIO, Appellant**

Civil No. 72-A

District Court of Guam

Appellate Division

February 6, 1973

Before PECKHAM, PEREZ, and TURNER, *Judges*

TURNER, *Designated Judge*

## OPINION

This was an appeal from an oral interlocutory decree of divorce entered February 24, 1971 and amended by a written decree and findings of fact February 25, 1971. The appellant wife, who was defendant below, challenges the division of the community property. We hold the trial court abused its discretion and we remand, without reversing, for further findings and conclusions and entry of an amended decree in accordance with this opinion.

In its interlocutory decree, the Court awarded divorce to the husband "upon the grounds stated in the complaint"; custody of the three minor children was awarded defendant with support from plaintiff in the amount of $200.00 per month, even though plaintiff agreed to continue paying $400.00 per month (Tr. 12) "as long as I can"; real property in Guam was awarded to plaintiff and the wife was awarded $3,600.00 in monthly installments of $200.00; and an unimproved lot in Florida was awarded plaintiff.

The wife appeals on the ground it was error to award all of the community property to the plaintiff. Appellant argues the Guam Civil Code, Sections 146 and 147, require sharing of community property, within the Court's discretion, even when the grounds for the divorce are adultery or extreme cruelty.

The so-called "Findings of Facts and Conclusions of Law" prepared by plaintiff's counsel and entered by the Court do not find facts but merely recite conclusions of law, i.e.:

"That the defendant has been guilty of acts constituting extreme cruelty towards the plaintiff, and that such acts have caused plaintiff great mental anguish."

From our examination of the transcript, we do not agree with this conclusion and without findings of facts from the evidence, we are unable to say whether this was reversible error or not as an abuse of discretion.

In *Galbreath v. Homestead Fire Ins. Co.*, 185 F.2d 361, 364, the Ninth Circuit laid down the rule relating to abuse of discretion as grounds for reversal. A finding of fact is necessary. The court said:

"Where the trial court sitting without a jury has made a finding upon an issue of negligence it is the duty of the appellate court as a matter of law to determine whether or not the finding is clearly erroneous even in the face of supporting evidence but only after due allowance of respect for the trial court's conclusion. And it is the appellate court's duty to reverse if, upon viewing the case as a whole, it is convinced that a mistake has been made."

■ Because there are no adequate findings of fact upon which to base the Court's conclusions, we are unable to say whether or not the Court abused its discretion. In this case, the Court concluded the plaintiff was entitled to a divorce upon the grounds alleged in the complaint. These included an allegation the defendant "deserted and abandoned" the plaintiff. The evidence is to the contrary.

As to the award of property, we again are at a loss to determine whether there was "plain error" because of lack of findings or whether there was an abuse of discretion contrary to the intent of the statute as appellant argues.

The Guam statutes were taken from the California Code prior to their comparatively recent amendments. We look to that state's decisions against which to measure the decree in the case before us.

The trial court cited in support of its award of all real property to plaintiff husband and an award of $3,600.00 to

the wife, the California case of *Johnston v. Johnston*, 91 P.2d 142, which holds that "under various circumstances, an award of money to the wife in lieu of her interest in the real and personal property of the community has been sustained."

■ Although no finding was made as to the value of the real property awarded to the husband, the evidence is not disputed that the wife contributed $6,200.00 of her separate funds to the improvement of the community realty. The award of $3,600.00 in lieu of her interest in the realty is shockingly disproportionate to her contribution to the community assets, both in money and management services. Without findings of facts to support it, we must conclude the award is an abuse of the Court's discretion and is therefore contrary to Section 147 of the Guam Civil Code.

We also note the wife is cut off from any support after payment of the $3,600.00. The record shows she has twice undergone surgery for cancer and at the time of trial was having monthly medical checkups to ascertain whether further surgery will be necessary. No provision was made in the decree for future medical expenses either for the wife or the three minor children.

■ The evidence shows the wife is without assets of her own, that she is fifty-eight years of age and that it is unlikely she can become gainfully employed. If the wife isn't now on welfare, the probability is she soon will be. Neither the statute nor the exercise of judicial discretion warrants condemning an erring spouse to the welfare rolls no matter how greatly she may have offended her husband.

■ When there is discretion to award less than half of the community property to one spouse, the exercise of "reasonable" discretion must be measured by all of the circumstances affecting the parties. The applicable rule is found in *Hill v. Hill*, 309 P.2d 44, 46:

"Apparently the decisions have embraced the concept that it is proper in such cases to visit punishment upon the erring spouse in the apportionment of community property. Nevertheless, divorce having been granted and the time having arrived for apportioning the community property, the amount thereof, the age of the parties, their physical and mental condition, their ability to support themselves, and the needs of the minors, if such there be, are all matters ranking higher in the scale of importance than the mere infliction of punishment for wrongdoing."

It is true the offending spouse may not receive alimony when the grounds for divorce are extreme cruelty under the pre-amendment California statute, unless the parties have agreed to the contrary. *Goldberg v. Goldberg*, 301 P.2d 51. The record here shows, as we have seen, the trial court failed to grant the plaintiff's conditional promise to provide support for both his wife and children.

A review of the record discloses the findings of facts are so inadequate we cannot know whether the Court's conclusions were in error or were an abuse of discretion.

The evidence shows community property neither valued nor disposed of, nor mentioned in the findings of facts. Because this case must be remanded for further proceedings in accordance with this opinion, it is suggested that the Court make findings of facts on:

1. The value of all realty and the rental value of The House of Chin Fee.

2. The value of the Florida realty.

3. The value of bonds, if any remain in the estate, and if they do not, when and for what purpose they were cashed.

4. The value of insurance policies. An order should be made as to their disposition, or their maintenance and continuation for the benefit of the parties and the children.

5. The probable cost of future medical expenses. An order should be made to provide for payment of such expenses.

It is ORDERED that the above-entitled case is remanded to the Island Court for further proceedings in accordance with this opinion.